# CUDAHY PACKING CO. v. UNITED STATES.

## No. 1144.

District Court, N. D. Illinois, E. D.

March 10, 1941.

WOODWARD, District Judge.

The court has made and filed formal findings of fact and conclusions of law. The findings of fact are substantially the facts averred in plaintiff's complaint. It is true that the answer raised two issues of fact:

(1) The truth or lack of truth of the allegations of Paragraph 16 of the complaint, which allegations the answer specifically and unqualifiedly denies; and

(2) The truth or lack of truth of the allegations of Paragraphs 9, 18, 19 and 20, which the answer states that the defendant has no knowledge or information of the truth of such allegations.

■ The averments of the complaint and the denials in the answer create the issues above referred to. All other averments of plaintiff's complaint are admitted. The office of affidavits in support of and in opposition to the motion for summary judgment is to prove or disprove the controverted issues of fact. Under Rule 56 of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c, the affidavits and counter-affidavits take the place of evidence produced at the trial and are admissible to prove or disprove the allegations of the paragraphs of the complaint which are in issue on the pleadings, and are not admissible or competent to prove or disprove any facts not in issue. The evidence must be addressed to the issues.

Paragraph 16 of the complaint alleges in substance that after the claim was filed on June 28, 1937, Commissioners, auditors and representatives came to plaintiff's offices and plants and there made extended examinations of the books, records and practices of the plaintiff; that thereafter the Commissioner held numerous hearings and conferences at Washington in which he and his subordinates, and the agents of the plaintiff, discussed and considered the claim on its merits, both factual and legal.

This averment of the complaint is amply supported by the affidavits filed on behalf of the plaintiff in support of its motion for summary judgment. These affidavits state at great length and in detail the investigations, audits and hearings relative to this claim. Both prior to and after the filing of the claim, auditors from the Treasury Department made complete, thorough and detailed investigation of the books, records and accounts of the plaintiff with reference to the claim for "Floor Stock Taxes". Several formal hearings were had

Defrees, Buckingham, Jones & Hoffman, of Chicago, Ill., for plaintiff.

J. Albert Woll, U. S. Dist. Atty., of Chicago, Ill., for defendant.

at which both facts and law were presented and discussed. The evidence is inescapable that the Commissioner considered the claim on its merits, but made no formal ruling thereon. No counter affidavit denies any of the detailed and relevant facts set forth in plaintiff's affidavits. Paragraph 16 must, therefore, be established as a true statement of the facts.

With reference to Paragraphs 9, 18, 19 and 20, the affidavits filed on behalf of plaintiff are detailed and complete. The affidavits filed on behalf of the defendant, as to these paragraphs, do not challenge the truth of the averments by any relevant and competent evidence.

The court, therefore, concludes that plaintiff's complaint stands proved as to facts.

■■ Some objection is made that the claim as filed was not strictly in compliance with the law and the regulations. The court is of opinion that the claim as filed is without technical deficiency, but if the court should be in error in this conclusion, yet the Commissioner, having examined the facts, considered the claim on its merits, held numerous hearings on the facts, and heard extended arguments on the law, waived any objections to the form of the claim. W. C. Tucker v. Acel C. Alexander, Collector, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253; United States v. Elgin National Watch Co., 7 Cir., 66 F.2d 344.

■ The money collected by the defendant from the plaintiff as "floor stock taxes" was illegally exacted. The defendant had no shadow of right to collect this money. United States v. Butler, 297 U.S. 1, 56 S. Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

Under the statutes in force at the time the illegal exaction was made and the money received by the defendant (Sections 3226 and 3228, R.S., 26 U.S.C.A. Int.Rev. Code, §§ 3772, 3312, "there accrued to the taxpayer when he paid the tax a right to have it refunded without any showing as to whether he bore the burden of the tax or shifted it to the purchaser". United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 448, 78 L.Ed. 859.

After the right to a refund of the amount of money so illegally exacted had accrued under the Revised Statutes then in force (Sections 3226 and 3228), the Congress, without impairing the right to a refund, conditioned its allowance, by Section 902 of Title VII of the "Revenue Act of 1936", as follows:

"No refund shall be made or allowed, in pursuance of court decisions or otherwise, of any amount paid by or collected from any claimant as tax under the Agricultural Adjustment Act [this chapter], unless the claimant establishes to the satisfaction of the Commissioner in accordance with regulations prescribed by him, with the approval of the Secretary, or to the satisfaction of the trial court, or the Board of Review, in cases provided for under section 906 [648 of this title], as the case may be—

"(a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly (1) through inclusion of such amount by the claimant, or by any person directly or indirectly under his control, or having control over him, or subject to the same common control, in the price of any article with respect to which a tax was imposed under the provisions of such Act [this chapter], or in the price of any article processed from any commodity with respect to which a tax was imposed under such Act [this chapter], or in any charge or fee for services or processing; (2) through reduction of the price paid for any such commodity; or (3) in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he may be relieved of the burden of such amount, be reimbursed therefor, or may shift the burden thereof."

■ Under this statute, plaintiff, in order to become entitled to a refund of the amount of the illegal exaction, must establish to the satisfaction of the Commissioner, or of the trial court, two propositions:

(1) That it bore the burden of the amount collected from it as a tax under the Agricultural Adjustment Act; and

(2) That it has not shifted such burden in one or more of the ways specified in the statute.

■ Plaintiff, in this case, did bear the burden of the amount illegally imposed as a tax. It paid the tax. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143.

The remaining question is, has the plaintiff proved to the satisfaction of the trial court that it has not shifted the amount of such burden or relieved itself thereof?

The law did not shift the burden from the plaintiff to someone else. The burden

could be shifted only by some act of the plaintiff. The statute enumerates the methods by which plaintiff could shift the burden:

(1) Through the inclusion of such amount by the plaintiff

(a) in the sale price of the article with respect to which a tax was imposed, or

(b) in the price of any article processed from any commodity with respect to which a tax was imposed, or

(c) in any charge or fee for servicing or processing;

(2) Through the reduction of the price paid for any commodity; and

(3) In any manner whatsoever.

The plaintiff did not sell the articles with respect to which a tax was imposed at a given sales price for the article so sold and, separate and distinguished from the sales price, collect from the vendee, as a tax, the amount of any tax. Neither did the plaintiff assure to itself the amount of the tax through the reduction of the price paid for any commodity.

■ But the defendant contends that Section 902, properly construed, means that the plaintiff must prove that it bore the economic burden of the tax. This contention cannot be admitted. The statute does not use the term "economic burden". The term "economic burden", or incidence of a tax, is known to the science of economics. It signifies the intangible, unascertainable result borne by everybody when a tax is imposed on anybody. It is purely a speculative abstraction. Generally speaking, all tax burdens are passed on and shifted ultimately and cumulatively to the ultimate consumer, once or ten times removed. A court, however, must have a tangible factual basis on which to predicate its judgment. Its conclusions and judgments must not rest on speculation or surmise.

The statute uses legal terminology in dealing with a legal concept. It contemplates that the plaintiff must prove to the satisfaction of the trial court that in a legal sense it has not shifted or relieved itself of the burden of the amount of the tax.

■ The trial court is of the opinion that the plaintiff has met and sustained that burden. By reference to the detailed findings of fact it will be observed that the business of plaintiff is most complicated and complex. The articles bought and sold by the plaintiff were bought and sold in a highly competitive market. The prices which plaintiff paid and received for its products were determined by the supply and demand of the market. As stated in the findings of fact: "The sale price that plaintiff realized for any ultimate products, in any of said markets, was determined solely by the supply and demand conditions in that particular market at that particular time, for that ultimate product, and also for other foods competing with that ultimate product. Plaintiff had no control over any of said market prices, and actually sold all its ultimate products, for what sale price they would bring in the open market."

It is fair to conclude from the findings of fact that plaintiff absorbed the amount of tax paid by it in the sales price received for the various articles. The respective buyers paid the market prices for the articles. The "floor stock tax" was not billed as a separate article. The tax was not separate and apart from the contract price at which the articles were sold. The tax is said "to be buried in the price". It is a mere item of expense, like any other tax, or any other expense, which may enter into the cost of a product—but is buried in a flat sales price. It cannot be said that the burden of the amount of the illegal exaction was shifted to the vendee when the tax was absorbed in the price and was not a separate item thereof. The court is of opinion that the following cases, among others, support the conclusion which the court has reached: Lash's Products Co. v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251; United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859; Johnson v. Inglehart Bros., Inc., 7 Cir., 95 F.2d 4; Heckman & Co. v. Dawes & Sons Company, 56 App.D. C. 213, 12 F.2d 154; Wayne County Produce Co. v. Duffy-Mott Co., 244 N.Y. 351, 155 N.E. 669; Continental Baking Company v. Suckow Milling Company, 7 Cir., 101 F.2d 337; Casey Jones v. Texas Textile Mills, Inc., 5 Cir., 87 F.2d 454.

The court is of opinion, under the facts found, that the plaintiff "bore the burden" and did not "shift the burden" within the meaning of Section 902.

Judgment may be entered for the plaintiff on the findings of fact and conclusions of law.