**UNITED STATES v. CHEEK et al.**

No. 8885.

Circuit Court of Appeals, Sixth Circuit.

March 3, 1942.

**2**

Fred E. Youngman, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., and Horace Frierson and A. O. Denning, both of Nashville, Tenn., on the brief), for appellant.

A. G. Ewing and Albert G. Ewing, III, both of Nashville, Tenn., for appellees.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

The question for determination in this case is whether appellee is entitled to recover from the Government the sum of $4,-920.96, paid as floor stock tax under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., which was afterward held unconstitutional. The District Court found in favor of appellee and entered judgment in the amount of the sum paid for such tax.

On May 6, 1933, appellee Cheek purchased from Godchaux Sugars, Inc., 10,-000 one hundred pound bags of refined, granulated, direct consumption sugar, at $4.50 per cwt., with right of discount of two per cent if the purchase price were paid within seven days. On May 12, 1933, appellee took advantage of the discount and paid the entire balance of $44,100.00 in cash; and thereafter sold and shipped from the warehouse of the company, at Reserve, Louisiana, 80,000 pounds of the sugar. He left the balance of 920,000 pounds in the warehouse, where it was located on June 8, 1934, when the floor tax, imposed by the Agricultural Adjustment Act, became effective.

On July 14, 1934, the credit manager of the Godchaux company wrote appellee, suggesting that as a matter of convenience, the company declare the sugar to his account, along with their own, for the tax, and advised him that if he wanted the company to handle it in that way, to send his check for the amount of $4,920.96. This was the amount which was payable as tax on the sugar purchased by appellee and on hand in the warehouse at the time. There was some misconception of the law and regulations with regard to the time for payment of the tax; and it was finally agreed between the parties that the company would pay the tax for appellee on the sugar to his credit, and charge his account with the payment in the same manner as other charges for insurance and storage were made. On July 31, 1934, the company, in accordance with this agreement, paid a sum to the Government, including therein the floor tax on their sugar, as well as that on appellee's sugar.

It is the contention of the Government that appellee did not pay the floor tax on his sugar; that he did not bear the burden of the tax; and that, therefore, he is entitled to no refund under the provisions of § 902 of the Revenue Act of 1936, 49 Stat. 1648, 1747, 7 U.S.C.A. § 644. This statute provides that no refund shall be allowed of any amount paid by any claimant as a tax under the Agricultural Adjustment Act unless he establishes that he bore the burden of such amount, has not been relieved thereof, nor reimbursed therefor, nor shifted such burden directly or indirectly.

■ It is claimed by appellant that appellee had only a contract of purchase for future delivery, and that under the terms of his contract, and the law of Louisiana, he did not become owner until the sugar was delivered to him. Appellee had paid the total sales price of the sugar. At no time was there any uncertainty between the parties as to who was the owner of the sugar in the account of appellee. It was always considered to be his property; and both parties, in all their conduct and relationship, acted on this premise and understanding. Ownership of fungible goods is held in common by the depositors, in proportion to the deposits, and the warehouseman is liable to each depositor for the care and redelivery of his share of the fungible goods to the same extent, and under the same circumstances, as if the goods had been kept separate, according to §§ 23 and 24 of the Uniform Warehouse Receipts Act, which has been adopted by both Tennessee, and Louisiana. Code 1932 Tenn. §§ 7532–7595; Act La.No.221 of 1908. Nothing remained to be done to complete the sale. The finding of the court that appellee was the owner of the sugar standing in his name on the books of the Godchaux company is amply supported by evidence, and the findings sustain the conclusion.

■ It was shown that the company paid the tax for appellee under his authorization; that both parties understood this fact; and that appellee, accordingly, reimbursed the company for its payment on his

behalf. One can pay the tax through his agent. See Saller v. Commissioner, 3 Cir., 122 F.2d 430. The trial court held that the tax was paid by the company acting as agent of appellee, and the finding was supported by evidence. Appellee sold the sugar at a price lower than its cost to him, plus the additional expenses, including the tax. In addition to the floor stock tax, he paid more than $2,000 in fire insurance premiums and storage charges. The sum paid to the company, by appellee, constituted payment of the tax, and did not represent an increased cost in the sugar purchased. This sum was not added to the purchase price by virtue of the contract provisions; but, after the sale was executed, the parties agreed that the company should pay the tax on behalf of appellee.

Where the evidence contradicts any real relationship between tax and price increases, that is, indicates that the floor stock tax was never, in any sense, a factor in determining the sales prices of the various articles, the burden of the statute has been adequately met. Hutzler Bros. Co. v. United States, D.C.Md., 33 F.Supp. 801; and in Cudahy Packing Co. v. United States, D.C.Ill., 37 F.Supp. 563, 571, it was remarked that "it cannot be said that the burden of the amount of the illegal exaction was shifted to the vendee when the tax was absorbed in the price and was not a separate item thereof." It is held that the statute should not be construed as denying a refund, where, from the nature of the case, proof that the tax burden was not shifted, is inherently impossible. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143.

The trial court found that appellee sold his sugar in a highly competitive market, where the factors and elements affecting the market price were many and varied, and impossible to determine; and that appellee had borne the burden of the tax, and had not shifted it, directly or indirectly.

The findings of the trial court are not to be set aside unless clearly erroneous. Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Here, the findings are sustained by the evidence.

The proceedings show that the Godchaux company also filed a claim of refund for the benefit of appellee. However, the company claimed no interest therein. It was done merely to safeguard appellee's rights.

From the foregoing, it is our conclusion that the findings of the trial court, granting the refund, were correct.

The judgment is affirmed.