### No. 11990.

Circuit Court of Appeals, Eighth Circuit.

March 7, 1942.

## CUDAHY PACKING CO. v. UNITED STATES.

### No. 7703.

Circuit Court of Appeals, Seventh Circuit.

March 19, 1942.

For prior opinion, see 125 F.2d 229.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

430

Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Bureau of Internal Revenue, of Washington, D. C., J. Albert Woll, U. S. Atty., of Chicago, Ill., and Frederic G. Rita, of Washington, D. C., for appellant.

Vincent O'Brien, Tracy Wilson Buckingham, and Frank J. Madden, all of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

The Government appeals from an adverse summary judgment in a suit brought against it to recover a sum of money paid as floor stocks taxes under the Agricultural Adjustment Act, c. 25, 48 Stat. 31, 7 U.S.C.A. § 601 et seq., before the taxing provisions of that statute were held unconstitutional in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. The quiddity of this appeal is whether § 902 of the applicable refund statute[1] requires the taxpayer to prove that he has not shifted the burden, in the economic rather than the legal sense, of the illegally collected tax.

Pursuant to Title VII of the Revenue Act of 1936, §§ 901–917, 49 Stat. 1747, 7 U.S.C.A. §§ 623, 644 et seq., the Cudahy Packing Company filed its complaint for the refund of $308,128.08 representing principally the floor stock taxes upon pork.

After setting forth the facts essential to the District Court's jurisdiction, the complaint alleged that the plaintiff had not shifted the burden of the tax by billing any amount of floor stocks taxes to any vendee as a separate item, by adding to or including in the prices of its products any identifiable amount of floor stocks taxes, nor by reducing the price paid for any commodity. Upon these allegations the plaintiff averred that it had not shifted directly or indirectly the burden of the tax and that if § 902 of the Revenue Act of 1936 required proof other than this, it violated the Fifth Amendment and was unconstitutional.

After the Government's answer had put in issue the averments with respect to the burden of the tax, the plaintiff presented affidavits of its officers which reaffirmed the allegations of the complaint and thereupon plaintiff moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to which the Government filed the affidavit of Murray T. Morgan, a marketing specialist of the Department of Agriculture. The District Court sustained the motion, made findings of fact and conclusions of law and entered judgment in favor of the plaintiff for $283,586.43.[2] The court was of the opinion that the taxpayer was not required to prove that he had borne the economic burden of the tax. 37 F.Supp. 563.

Section 902 prescribes the "Conditions on allowance of refunds." In substance it provides that no refund shall be allowed

---

[1] § 902, c. 690, 49 Stat. 1747. "Conditions on allowance of refunds

"No refund shall be made or allowed, in pursuance of court decisions or otherwise, of any amount paid by or collected from any claimant as tax under the Agricultural Adjustment Act [this chapter], unless the claimant establishes to the satisfaction * * * of the trial court * * *—

"(a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, (1) through inclusion of such amount by the claimant, or by any person directly or indirectly under his control, or having control over him, or subject to the same common control, in the price of any article with respect to which a tax was imposed under the provisions of such Act [this chapter], or in the price of any article processed from any commodity with

respect to which a tax was imposed under such Act [this chapter], or in any charge or fee for services or processing; (2) through reduction of the price paid for any such commodity; or (3) in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he may be relieved of the burden of such amount, be reimbursed therefor, or may shift the burden thereof; or

"(b) That he has repaid unconditionally such amount to his vendee (1) who bore the burden thereof, (2) who has not been relieved thereof nor reimbursed therefor, nor shifted such burden, directly or indirectly, and (3) who is not entitled to receive any reimbursement therefor from any other source, or to be relieved of such burden in any manner whatsoever." 7 U.S.C.A. § 644.

[2] The plaintiff conceded that $24,595.65 should be deducted from the $308,128.08.

unless the claimant establishes that he bore the burden of the amount paid as tax and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly (1) through the inclusion of the amount in the price of the product, (2) through the deduction of the price paid for the raw materials, or (3) in any manner whatsoever.

The Government and the plaintiff initially disagree as to the burden of proof which this section requires of the plaintiff.

Prior to the passage of Title VII, a claimant, to recover the illegally collected tax, merely had to show that it had been imposed upon him and that he had paid it. It is clear that under either the plaintiff's or the Government's interpretation of § 902, the provision is a limitation upon the taxpayer's right to a refund. The immediate end or object of this section is to prevent the unjust enrichment of the claimant, cf. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143, and that fact is to be considered in determining the right to recover the illegally collected tax. However, the difference between the plaintiff's and the Government's interpretation of the section is of moment because the reach of the economic burden test embraces more situations of enrichment than the test in the legal sense.

Anniston Mfg. Co. v. Davis, supra, upheld § 902 as not a denial of due process in so far as it limited the taxpayer's refund remedy by imposing its conditions of recovery. Although it is true that the Court did not directly pass upon the competing interpretations now before us, the fact that much of the Court's opinion was devoted to the discussion of whether it was possible to prove the shifting of the burden makes it seem clear that the burden referred to was the economic burden, for otherwise the question of impossibility of proof could not have arisen.

If the Congressional intention were to cover only the situations included by the plaintiff's interpretation, the language of the section is needlessly broad. Admittedly, the shifting of the burden in the legal sense is included in § 902, but it does not follow therefrom that the burden, in its broader compass of the economic sense, was thereby to be eliminated. In fact, the full sweep of the language of § 902(a) (3) precludes any such limitation of Title VII's scope. If that were not so, § 902(a) (3) would serve no purpose. Although the phrase "economic burden" is not used in the section, any other interpretation of the word burden would do violence to the language and purpose of the section. This conclusion is also sustained by Senate Report No. 2156 of the Committee on Finance, pp. 32–34, 74th Cong. 2nd Sess.

There is no doubt that the shifting of the burden in the economic sense requires more exhaustive and difficult proof than the legal test. The measure is not confined merely to acts of the taxpayer; it rests in the economic forces at play, forces over which the average individual has little, if any, control. One force, to be sure, may be the tax,[3] but that makes no less real the other economic forces contributing to the resultant.[4] The proof of these components is the claimant's.

We shall not discuss plaintiff's contention that the economic burden test is unconstitutional, since we may not assume impossibility of proof. The judgment of the District Court will be reversed, and the cause will be remanded to that court for further proceedings in conformity with this opinion.

---

3 Cf. Nourse, Three Years of the AAA (1937) 401–412.

4 Cf. Johnson, AAA Refunds: A Study in Tax Incidence (1937) 37 Col.L.Rev. 910.