## ROOT & McBRIDE CO. v. UNITED STATES.

### No. 20774.

District Court, N. D. Ohio, E. D.

April 29, 1942.

Ray T. Miller, of Cleveland, Ohio, for plaintiff.

Don C. Miller, U. S. Atty., and F. B. Kavanagh, Asst. U. S. Atty., both of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

This case was submitted on the pleadings, a memorandum of pre-trial conference, a stipulation, objections to testimony set forth in Part 2 of stipulation, stipulation of facts, stipulation re statement of Oscar Sandler, stipulation re statement of Herbert V. Mueller, plaintiff's answer to defendant's objections, and briefs.

The action is one for the recovery of amounts paid as floor stock taxes on cotton goods, as provided for in Section 644 of 7 U.S.C.A. § 902 of Revenue Act of 1936. As stated in the memorandum of pre-trial conference:

" * * * It is conceded by counsel for the government that the plaintiff was engaged in the business as alleged and that it paid the taxes set forth in the Complaint, and that it did not intentionally include said taxes in prices obtained for goods upon which said taxes had been paid, and that the officers and employees of the

474

plaintiff would testify that such taxes were not included in the prices obtained for said goods, and that the evidence of the plaintiff would make a prima facie[1] case for the relief asked.

"It was the contention of counsel for the government that regardless of the testimony of the plaintiff as to its intention and practices, it did obtain the benefit of increase in prices and that such increases were contributed to by the Agricultural Adjustment Act as amended."

Such memorandum also sets forth plaintiff's position: "It is the contention of counsel for the plaintiff that the Agricultural Adjustment Act as amended had no effect upon the prices which they obtained for the goods, and that the prices which they obtained were the direct result of the fair labor differential and other market conditions affecting the seller's market that had no relation to the Agricultural Adjustment Act as amended, [7 U.S.C.A. § 601 et seq.] together with the provisions of the National Recovery Act [48 Stat. 195], and the effect of that Act generally upon business recovery throughout the nation."

The government's argument upon the conceded facts is set forth on pages 15, 16, and 17 of its brief:

"The evidence of the plaintiff shows that the floor stocks tax was never allocated to or apportioned to any particular sales, or stated in any sales invoice, or in any manner added as a separate item to the sales price of any ultimate item in any sales transaction; or ever included in any identifiable manner in any such sales price or ever collected as a separate or identified item from any of its vendees; that its prices were made without any intent to include the tax; and that its department managers, although thoroughly familiar with the dry goods and cotton goods business, did not know anything about the rate of taxes levied under the Agricultural Adjustment Act, and in particular, floor stocks tax on the items in their departments.

The rates of floor stocks tax and the processing tax on the cotton items carried in each department were approximately, and for all practical purposes, identical; and while not impossible, it is improbable that men buying and selling a commodity on which a tax amounting to from 6% to 11% of the selling price of the commodity as it existed before the imposition of the tax, would have no knowledge of the tax, especially when the rates were shown on each sheet of the original inventory sheets taken by Mr. Davidson, manager for plaintiff's Departments 'D' and 'E'. The floor stocks tax on items in Departments D and E amounted to approximately one-half of the total amount paid by the plaintiff. (Testimony of Mr. Mueller, p. 5).

It is respectfully urged that the plaintiff has not met the burden of proof cast upon him by Section 902 of the Revenue Act of 1936 so as to be entitled to a refund. As was stated by Government counsel at the pre-trial conferences, conceding the acceptance by the Court as true everything stated by the plaintiff, it is yet contended that Section 902 requires something more of the plaintiff before it is entitled to recover. The Agricultural Adjustment Act was enacted on May 12, 1933; the National Industrial Recovery Act on June 16, 1933. One Act was for the relief of farmers; the other for the relief of business and industrial employment.

In enacting the National Industrial Recovery Act, Congress recognized that there was a relationship between it and the Agricultural Adjustment Act and enacted Section 8, supra, to prevent conflicts in the operation of both acts. In view of that section, the Acts were in pari materia and being so closely related legally, it can hardly be said that one Act affected the economic life of the nation and the other had no effect. Each contributed its share to the stabilizing of prices; both, the combination, resulted in increased costs and correspondingly increased prices to the

---

[1] The court construes the term prima facie as used in the memorandum of pretrial conference to mean the formal requirements of proof necessary in order to entitle the plaintiff to the judgment of the court regarding the law applicable to such evidence. It is not construed to mean that the defendant conceded that the law applicable to such facts entitled the plaintiff to recovery. The contention of the defendant at all times was that the evidence offered by the plaintiff did not meet the requirements of the statute in order to entitle plaintiff to relief. The term prima facie as used did not imply a shifting of the burden of proof, because the defendant contended that the proof offered was not sufficient to show that the plaintiff was entitled, as a matter of law, to relief under Section 902 of the Revenue Act of 1936, 7 U.S. C.A. § 644.

consumer. To prevail in this action, the plaintiff has to show that the National Industrial Recovery Act was not only the sole cause of its increased prices and the resulting profits therefrom, but also that by its increased prices, it was not possible to shift the floor stocks tax paid by it. The record is bare of such a showing."

It seems to this court that the position of the government is untenable in view of the decision by the Court of Appeals of this Circuit in the case of United States v. Cheek, et al., 126 F.2d 1. The statute might have been construed in accordance with the argument of counsel for the government. The claimant of a refund might have been required to prove that by no possibility did he receive any relief against the taxes paid. But the court has not so interpreted the statute. If there is evidence that the claimant did not recoup the taxes paid, the courts have not required that he prove that it was impossible. In other words, the courts have construed the law so as to allow the taxpayer the full benefit of the general rise in prices following recovery legislation generally and have not made improved market conditions generally a barrier to recovery of taxes paid under a statute subsequently declared unconstitutional. The memorandum of pre-trial conference states the specific question to be determined here as follows:

"Were the sales price increases which occurred after August 1, 1933 (i. e., the effective date of the tax) caused, in part, by the taxing provisions of the Agricultural Adjustment Act, and did those sales price increases (and the increased profits resulting therefrom) relieve the plaintiff of the tax burden within the meaning of Section 902 of the Revenue Act of 1936?"

As to the first part of the question, the court's answer is that it is impossible to prove that the sales price increases were not caused in part by the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq. And as to the second part of the question, the court finds that the sales price increases (and the increased profits resulting therefrom) did not relieve the plaintiff of the tax burden within the meaning of Section 902 of the Revenue Act of 1936, 7 U.S.C.A. § 644. Since there is evidence that the plaintiff did not shift the burden of the tax, the court will not hold that general price increases relieved the plaintiff of the tax burden within the meaning of Section 902 of the Revenue Act of 1936 merely because it is impossible for the plaintiff to prove that the Agricultural Adjustment Act had no effect upon such price increases.

"The statute imposing burden on taxpayer, suing for refund of floor stock taxes paid by him under Agricultural Adjustment Act, to show that he has not been reimbursed or shifted burden of tax, should not be construed as denying a refund, where from nature of the case, proof that tax burden was not shifted is inherently impossible. Agricultural Adjustment Act, § 1 et seq., 7 U.S.C.A. § 601 et seq; Revenue Act 1936, § 902, 7 U.S.C.A. §§ 644." United States v. Cheek et al., 6 Cir., 126 F.2d 1.

Finding and judgment for plaintiff. Entry may be prepared in accordance with stipulation and this opinion.