## WEISS v. UNITED STATES.
### No. 8193.

Circuit Court of Appeals, Seventh Circuit.
May 17, 1943.

Lewis F. Jacobson, Sidney C. Nierman, and David Silbert, all of Chicago, Ill., and Kenneth Carroad, of New York City (Jacobson, Merrick, Nierman & Silbert, of Chicago, Ill., and Clifford H. Rich, of New York City, on the brief), for appellant.

Samuel O. Clark, Jr., Sewall Key, A. F. Prescott, and N. Barr Miller, Asst. Attys. Gen., and J. Albert Woll, U. S. Atty., of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an action by plaintiff to recover from defendant a refund in the sum of $556.88, previously paid as compensating taxes under the Agricultural Adjustment Act of 1933. The alleged right to a refund was predicated upon Sections 902 and 903 of Title VII of the Revenue Act of 1936, 7 U.S.C.A. §§ 644, 645. On motion of the defendant, the court below entered judgment dismissing plaintiff's complaint on jurisdictional grounds for failure to file a claim for refund, as required by Section 903 and Treasury Regulations promulgated in conformity therewith. The appeal comes from this judgment of dismissal.

Section 902 prescribes the substantive conditions which must be met in order to obtain a refund. The claimant is required either to prove that he bore the burden of the tax in the amount claimed, that he has not been relieved thereof nor reimbursed therefor, nor shifted such burden, directly or indirectly, or to prove that he has repaid unconditionally such amount to the person who bore the burden. Cf. Cudahy Packing Co. v. United States, 7 Cir., 126 F.2d 429.

Section 903 establishes the procedural requirements for recovery and provides: "No refund shall be made or allowed * * * unless, after the enactment of

this Act, and prior to January 1, 1940, a claim for refund has been filed * * * in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. All evidence relied upon in support of such claim shall be clearly set forth under oath. * * *"

By virtue of the authority contained in Section 903, there was promulgated Treasury Regulation 96. Art. 202 thereof provides: "It is incumbent upon the claimant to prepare a true and complete claim and to substantiate by clear and convincing evidence all of the facts necessary to establish his claim to the satisfaction of the Commissioner; failure to do so will result in the disallowance of the claim."

Plaintiff's claim for refund was filed with the Commissioner upon a prescribed form which was accompanied by instructions directing the claimant to set forth in Schedule D thereof the "facts and evidence, together with exhibits and other data showing the amount of the burden of the tax borne by the claimant and not shifted to other persons." In Schedule D, plaintiff listed the quantities of cotton materials imported and the amount of compensating tax paid to the Collector of Customs. To this list, he added the following statement:

"That claimant absorbed these compensation (sic) tax payments as an additional item of expense which he was compelled to absorb because it was impossible to add this expense to the established sales price of the handkerchief on which the tax was paid.

"That claimant having absorbed this tax is entitled to this refund."

Notwithstanding that the Commissioner on two occasions wrote to the plaintiff calling his attention to the fact that no evidence had been submitted in support of his claim, nothing was furnished other than the statement contained in Schedule D. His attention was particularly called by the Commissioner to the fact that no evidence had been submitted to establish "that you bore the burden of the tax." Plaintiff's failure in this respect was the reason assigned by the Commissioner for rejecting the claim.

█ The fact that plaintiff failed to submit any evidence in support of his claim is not open to question. The statement contained in Schedule D, above quoted, is nothing more than plaintiff's conclusion. It plainly did not comply with the statutory provision which Congress had prescribed as a prerequisite to recovery. Plaintiff argues, however, that he is entitled to a court trial upon the merits of his claim, notwithstanding his failure to support it before the Commissioner. This contention must be rejected. A reading of the statutory provisions plainly discloses an intention on the part of Congress that a claim for refund should first be heard and decided by the Commissioner on its merits. Cf. Wilson & Co. v. Commissioner, 8 Cir., 111 F.2d 313, Landrum et al. v. Commissioner, 8 Cir., 122 F.2d 857, Wilson & Co. v. Commissioner, 8 Cir., 123 F.2d 232. It is equally plain, so we think, that the Commissioner must be afforded an opportunity to pass upon the merits of a claim, as a prerequisite to a claimant's right to a court hearing. It would border on absurdity to construe the statute as requiring the rejection of a claim by the Commissioner prior to the institution of suit and at the same time hold that the claimant was not required to submit to the Commissioner evidence in proof of his claim.

Plaintiff further contends that the statement contained in Schedule D was some evidence in support of his claim and that the court acquired jurisdiction. On this premise, it is argued that the court having acquired jurisdiction, plaintiff is entitled to introduce further evidence before the court. In other words, so it is claimed, plaintiff is not confined merely to the evidence which was submitted to the Commissioner. We need not discuss or decide to what extent, if any, a claimant in a suit of this character is entitled to introduce evidence in court which was not before the Commissioner. This is so for the reason that in the instant case, as we have held, there was no evidence submitted to the Commissioner.

█ There is also no merit in plaintiff's contention that the Commissioner waived compliance with the statute. On the other hand, the record affirmatively discloses that the Commissioner by letter on two occasions called plaintiff's attention to the requirements of the statute and regulation as to the character of proof required in support of his claim.

The judgment of the District Court is affirmed.