## CUDAHY PACKING CO. v. UNITED STATES.

### No. 8697.

Circuit Court of Appeals, Seventh Circuit.
Dec. 10, 1945.

Rehearing Denied Jan. 15, 1946.

---

832

Vincent O'Brien, John M. Baker, and Defrees, Fiske, O'Brien & Thomson, all of Chicago, Ill., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Frederic G. Rita, Department of Justice, both of Washington, D. C., Albert Woll, U. S. Atty., of Chicago, Ill., Robert N. Anderson, Sp. Asst. to Atty. Gen., and John B. Stephan, Asst. U. S. Atty., of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff brought this action to obtain a refund of $283,586.43 paid as floor stocks taxes under Section 16(a) of the Agricultural Adjustment Act of May 12, 1933, c. 25, 48 Stat. 31 as amended, 7 U.S.C.A. § 616(a), on its November 5, 1933 inventory of articles processed wholly or in large part from hogs. Jurisdiction rests on Section 128(a) of the Judicial Code, as amended, 28 U.S.C.A. § 225(a).

This Act continued in effect until January 6, 1936, when it was declared unconstitutional in the case of United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

The complaint alleged that the claim filed with the Commissioner of Internal Revenue on June 28, 1937, stated first, that

plaintiff had paid the floor stocks taxes under the Act, and secondly, that plaintiff had not shifted the burden of the tax by billing any amount of it to any vendee as a separate item or by adding to or including in its prices any identifiable amount of the tax or by reducing the prices paid by it for raw materials.

Defendant's answer put in issue the allegations with respect to the burden of the tax and the impossibility of proof. Upon a motion for summary judgment by plaintiff, the court held that § 902 of the Revenue Act of 1936, 7 U.S.C.A. § 644, required proof of no facts beyond those alleged in the complaint, and granted judgment in favor of plaintiff. The court was of the opinion that plaintiff was not required to prove that it had borne the economic burden of the tax. Cudahy Packing Co. v. United States, D.C., 37 F.Supp. 563.

On appeal, the judgment of the District Court was reversed. 7 Cir., 126 F.2d 429. We held that the statute required plaintiff to establish that it had not shifted the economic burden of the tax and remanded the cause for further proceedings. Plaintiff then amended its complaint to allege that it had not shifted the burden of the tax and, in the alternative,

"That the available facts relating to plaintiff's operations and course of business, full proof of which will be adduced upon the trial of this cause, afford no basis for any determination as to the shifting of the burden of the tax."

This latter allegation was further amended as follows:

" * * * and plaintiff further avers that, if said Section 902 is so construed or interpreted as to preclude recovery by the plaintiff notwithstanding such impossibility of determination after full proof of said facts has been made, then and in that case said Section 902 violates the Fifth Amendment of the Constitution of the United States and is unconstitutional and void in that it requires proof impossible for plaintiff to make and deprives plaintiff of its property without due process of law. In that case plaintiff is entitled to recover from defendant the said principal amount of its claim with interest, under the provisions of said Sections 3770, 3771, and 3772 of I. R. C. [26 U.S.C.A. Int.Rev.Code, §§ 3770–3772]"

Defendant then amended its answer to meet plaintiff's amendments and put in issue the allegations with respect to the burden of the tax and the impossibility of proof.

The court found that plaintiff at the date of the imposition of the tax, sold its products at the prevailing market prices which, on that date, were increased by the amount of the floor stocks tax, and held that the claim for refund was insufficient to support its jurisdiction because it contained no evidence from which it could be determined whether or not plaintiff shifted the burden of the tax and that the evidence offered by plaintiff was insufficient to establish to the court's satisfaction that plaintiff bore the burden of the tax, entered judgment against plaintiff, and dismissed the complaint with costs. To reverse the judgment, plaintiff appeals.

█ Section 902 of the Revenue Act of 1936 prescribes the substantive conditions which must be met in order to obtain a refund. Section 903 of the Act, 7 U.S.C.A. § 645, sets forth the procedural requirements which a taxpayer must fulfill in filing a claim for refund. Unless the requirements of the statute are complied with, the District Court is without jurisdiction.

Section 903 provides in part:

"No refund shall be made or allowed * * * unless, after the enactment of this Act, and prior to July 1, 1937, a claim for refund has been filed * * * in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. All evidence relied upon in support of such claim shall be clearly set forth under oath. * * *"

By virtue of the authority contained in § 903, Treasury Regulation 96 was promulgated. Article 202 thereof provides:

"It is incumbent upon the claimant to prepare a true and complete claim and to substantiate by clear and convincing evidence all of the facts necessary to establish his claim to the satisfaction of the Commissioner; failure to do so will result in the disallowance of the claim."

The District Court found that plaintiff's claim for refund contained no evidence that it bore the burden of the floor stocks taxes which it seeks to recover, and, therefore, held that it lacked jurisdiction. We think the court was correct.

█ Attached to plaintiff's claim for refund was an affidavit of John F. Gearen,

Jr., plaintiff's Assistant Treasurer. In his affidavit, Mr. Gearen stated that plaintiff was unable to, and did not, pass the floor stocks taxes to its customers as a separate item. The affidavit further stated that it could not be ascertained from plaintiff's records whether or not it had shifted the burden of the tax. We have repeatedly held that such statements are insufficient under the statute to furnish a basis for an allowance of refund by the Commissioner. 18th Street Leader Stores v. United States, 7 Cir., 142 F.2d 113; New York Handkerchief Co. v. United States, 7 Cir., 142 F.2d 111; Weiss v. United States, 7 Cir., 135 F.2d 889.

■ Plaintiff next contends that even if its claim for refund was insufficient, the Commissioner has waived the statutory requirements. The argument is that it was the duty of the Commissioner to inform the claimant of any insufficiencies or defects, so that the claimant would be given an opportunity to remedy the defect. Since the Commissioner did not criticize the form of the claim, nor request additional evidence, it is claimed that the Commissioner has waived any statutory requirements under 903 of the Act. The Supreme Court has recently held otherwise in the case of Angelus Milling Co. v. Commissioner, 325 U.S. 293, 65 S.Ct. 1162. We think the facts in the Angelus case, so far as the question of waiver is concerned, are so similar to our case that no logical distinction is possible, and that that case is controlling here.

When the court held adversely to plaintiff on the question of jurisdiction, it was unnecessary to proceed further. The court, however, did hear the evidence, and after a consideration of the evidence, it further held that plaintiff had not overcome the burden of proof required under the statute. Cudahy Packing Co. v. United States, 7 Cir., 126 F.2d 429. It is likewise unnecessary for us to consider the evidence since we have affirmed the District Court on the question of jurisdiction. However, we have chosen to review the evidence, and even if we are wrong on the question of jurisdiction, we are convinced that the evidence is insufficient to allow the plaintiff's claim, and that the judgment must be affirmed on this ground.

Plaintiff attacks the District Court's finding No. 14 as not supported by the evidence. The finding is as follows:

"14. That the said market prices at which the plaintiff sold its products were, on November 5, 1933, the date of the imposition of the floor stocks tax, increased by the amount of the floor stocks tax."

The evidence directly bearing on finding No. 14, which was presented at the trial by plaintiff can be summarized under four headings:

First: The affidavit of John F. Gearen, Jr.. This affidavit contained a statement of the management and operation of plaintiff's company, and a further statement describing the accounting methods practiced.

Second. The testimony of Murray T. Morgan, Chief of Meat Purchase Division of the Live Stock and Meat Branch of the War Food Administration. Mr. Morgan testified that as a result of an investigation of plaintiff's claim for refund, made at the request of the Attorney General, he found, by comparing plaintiff's prices current at the date of the imposition of the tax with those current during the liquidation of the taxed inventory, the sales value of the inventory was enhanced to the extent of $50,913.85.

Third. The deposition of Harley L. Lutz, Professor of Public Finance, Princeton University. Mr. Lutz's deposition stated that in 1933 there was a rise in prices generally, and that the increase in the prices of pork products in the fall of 1933 was in no way related to the tax.

Fourth. The testimony of John Lee Coulter, Director of the Economic Consulting Service. Mr. Coulter, corroborating Mr. Lutz, also testified to the rise in prices of all commodities in 1933 and denied that the increase in the price of pork products in the fall of 1933 was in any way related to the imposition of the tax.

In sharp conflict with this evidence was that introduced by defendant. This evidence can be stated in three categories.

First. Issues of The National Provisioner Service. The following issues of this publication were introduced in evidence:

October 23, 1933. "The market appears to be in a stronger position on the entire line of product today and buyers apparently showing less resistance to higher price levels. Market prices are advancing all along the line, in anticipation of floor taxes. The processors naturally desire to avoid losses due to this taxation and to establish market values to overcome floor taxes, and the early demand today would

indicate fairly good progress in this direction. Offerings are very moderate on green joints today and firmly held at previous week's closing figures; inquiries fairly good."

In the November 6, 1933 issue of The National Provisioner, the day after the incidence of the tax, the following appeared:

"The market opened fully steady on green regular hams, but a *full cent higher than previous week's closing figures due to the addition of federal tax,* and these prices have been substantiated by actual sales made over the weekend for delivery this week. Offerings appear to be very moderate at the new price level and undertone firm, in sympathy with the light hog arrivals and higher prices paid in that market.

"Car light green regular hams sold at 9c Chgo., basis, prompt.

"Market equally firm on S. P. regular hams, around ¼c advance, which appears to be representative of the market early. However, *local packers report good sales on smoked meats today with federal tax added, and practically no resistance from the buying side.*

"Market on S. P. boiling hams sharply higher, on very light offerings, and recent sales made on fancy brands. Supplies of S. P. boiling hams have been reduced to a very low working point and appear to be in a very strong position."

Second. The evidence of Mr. Morgan, who had testified earlier on behalf of plaintiff that he had observed an increase in the price of hog products all along the line on the date of the incidence of the tax, thus corroborating the reports found in The National Provisioner.

Third. Bulletins issued by plaintiff to its branch managers. The following bulletin, introduced in evidence, was issued by plaintiff on October 26, 1933, and was entitled: "Hog Processing and Floor Taxes." The bulletin stated that these taxes became effective on Nov. 5, 1933, and stated further:

"Future Sales:

"On March 22, 1933 we issued a bulletin to all plants and branches requesting them to place on all future delivery orders and confirmations the following clause: 'Buyer agrees to pay all taxes, charges and increased costs imposed upon these goods by any Federal Farm Relief or similar law now or hereafter enacted.' You will at once discontinue the use of this stamp, as the necessity for its use has disappeared without knowledge of what the processing and floor taxes are. On any sale of pork products made from now on, with full knowledge before us of what taxes we will have to pay, the price charged should be sufficient to insure us a reasonable profit over and above the tax. This phase of the situation will be more particularly taken care of in letters you will receive from our sales departments, and do not hesitate to ask questions when you are in doubt.

"We expect at an early date that other of our products, especially beef, will be subject to a processing tax. However, on orders taken for early future delivery it will be unnecessary to use this tax agreement clause on your confirmations or orders.

"On August 24, 1933 we issued an instruction providing for inclusion in the contract of a very elaborate clause wherein the buyer agreed to pay the seller any charge on account of the processing tax or additional expense made necessary by the N.R.A. This will be no longer necessary on any contract for future delivery of pork product, as no contract should be entered into without full consideration of the known processing costs, and at prices sufficient to cover these."

On November 1, 1933, plaintiff issued another bulletin to its plants and branches in which appeared the following:

"1. The Institute's answer is quite in accord with our ideas. However, we have taken the precaution in our instruction of October 26th to request you to forward us a list of your open orders and contracts, for further instruction, as there is a possibility that on some of the more recent orders taken for delivery after November 5th you may have increased the price sufficiently to cover the tax.

"2. We are also in accord with the Institute in their recommendation that the tax be not added as a separate item on the invoice, on orders taken after November 5th, as we believe that the amount of the tax should be considered at the time of making the price; and, as stated in our instruction of October 26th, 'The price charged should be sufficient to insure us a reasonable profit over and above the tax.'"

Considering the evidence we have reviewed, along with all the other evidence

introduced at the trial, the trial court found that the packing industry, including plaintiff's, upon the announcement of the imposition of the tax, immediately took steps to shift the burden of the tax to the consuming public, and, on the date of the incidence of the tax, market prices of all products were increased by the amount of the tax.

■■■ Few, if any, rules of federal practice are more firmly established than the rule which forbids an appellate court from upsetting the trial court's findings of fact if there is evidence to support such findings. We cannot say that the findings of fact of the District Court were not founded on substantial evidence. Indeed, we feel that the court's findings were based on an abundance of carefully considered evidence, and cannot be disturbed.

The judgment of the District Court will be affirmed. It is so ordered.

## On Petition for Rehearing.

Apparently plaintiff fears we have overlooked its analysis of the case of Angelus Milling Company v. Commissioner, 325 U. S. 293, 65 S.Ct. 1162. It claims that instead of supporting defendant's position on the question of waiver and jurisdiction, the case was in favor of plaintiff.

The facts in our case are strikingly similar to the ones found in the Angelus case so far as the contention that the acts of the Commissioner constituted a waiver. No real distinction is possible between the two cases on this point.

In the Angelus case two companies, Angelus Milling Company and Niagara Falls Milling Company, were intertwined as to management on financial questions. In 1936, after United States v. Butler, 297 U. S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, the two companies filed three joint and partial claims with the Commissioner for the refund of taxes paid. As in our case, the claims were admitted to be defective. Later, before action by the Commissioner, both companies filed separate amendments to their original joint claims. The amendment filed by the Angelus Company, though on the proper form, was still defective. This amended claim was disallowed by the Commissioner. The Tax Court, 1 T.C. 1031; the Circuit Court of Appeals, Angelus Milling Co. v. Nunan, 2 Cir., 144 F.2d 469; and the Supreme Court, 323 U.S. 703, 65 S.Ct. 268, agreed and held that the Com-

missioner did not waive his power to deny the claim for procedural defects even though he had investigated the claim upon its merits.

■■ In our case the Commissioner examined plaintiff's books as he had done in the Angelus case and because of that fact, plaintiff asserts that the vital facts absent from the claim were found in the course of the investigation. It is true, the Commissioner need not pass upon the merits of the claim to establish a waiver, but there should be no doubt that he had waived any defect in the claim. Here there was no indication that the Commissioner by investigating plaintiff's books was waiving the right to reject for defective form.

■ Plaintiff insists that had there been a single claim in the Angelus case, the acts of the Commissioner would have constituted waiver. The opinion does not so hold. In that case the court, at page 299 of 325 U.S., at page 1165 of 65 S.Ct., said: "* * * petitioner has failed to sustain his burden of showing that the Commissioner, by examining the facts of petitioner's claim in order to determine the merits, dispensed with the exactions of the regulations." The language just quoted seems to us as clearly applicable to our case as to the Angelus case.

Plaintiff also contends it was entitled to a finding that the increase in market prices on the date of the imposition of the tax was not maintained, and reliance is placed on the case of Webre Steib Co. v. Commissioner, 324 U.S. 164, 65 S.Ct. 578.

■ In our case, the District Court did weigh the entire evidence and resolved its findings against the petitioner. Though the court made no finding as to what followed after the rise of prices on the date of the imposition of the tax, it can hardly be said that the court failed to consider, or that it disregarded, such evidence. It seems to us more reasonable that the court considered such evidence and remained unconvinced that the petitioner had not shifted the burden of the tax. Such burden of proof rests squarely on the petitioner. Cudahy Packing Co. v. United States, 7 Cir., 126 F.2d 429, and Webre Steib Co. v. Commissioner, supra. In this state of the record we find nothing in the Webre case which requires the District Court to make such a finding as the petitioner requests.

The petition for rehearing is denied.