## UNITED STATES v. STANDARD OIL CO.
### No. 10220.

Circuit Court of Appeals, Sixth Circuit.
Dec. 5, 1946.

MILLER, Circuit Judge, dissenting.

Harry Marselli, of Washington, D. C. (Sewall Key, Robert N. Anderson, and John W. Fisher, all of Washington, D. C., and Don C. Miller and Francis B. Kavanagh, both of Cleveland, Ohio, on the brief), for appellant.

Isador Grossman and M. E. Newcomer, both of Cleveland, Ohio (McAfee, Grossman, Hanning, Newcomer & Hazlett, of Cleveland, Ohio, on the brief), for appellee.

Before ALLEN, MARTIN, and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

The United States of America has appealed from a judgment of the district court awarding the Standard Oil Company of Ohio $158,120.51, with interest from various dates in 1937 on the several items aggregating the principal sum of the award. The judgment was entered in an action brought for the recovery of excise taxes, paid by Standard during the period from June 21, 1932, to October 31, 1933, under Section 601(c) (1) and Section 617 (a) of the Revenue Act of 1932, as amended by Section 211(a) of the National Industrial Recovery Act, Ch. 90, 48 Stat. 195, 26 U.S.C.A. Int.Rev.Acts, pages 604, 616, which imposed taxes upon the sale of gasoline and lubricating oils by a producer.

After trying the case upon oral testimony, documentary evidence, and stipulation of facts, the district court filed a carefully prepared opinion, which is reported. D.C.N.D.Ohio, 63 F.Supp. 48. Comprehensive findings of fact and conclusions of law, in conformity with the opinion, were filed a few days later.

The Government contends that the trial court erred in holding that transfers of large quantities of gasoline and lubricating oils to two of its subsidiary non-producing corporations, immediately prior to the effective date of the excise provisions of the Acts cited above taxing sales of oil and gasoline by producers, lawfully effectuated avoidance of the excise taxes on such products sold by the producer to its subsidiaries. The Government argues that the subsequent sales of such products by the subsidiaries were as subject to the excise taxes as if the sales had been made by the Standard Oil Company. For reasons presently appearing, we deem determination of this interesting issue unnecessary to decision of the case.

The decisive issue raised by the Government is, in our judgment, the error of the district court in denying the motion of the United States to dismiss the action for the reason that Standard's claim for refund failed to comply with the requirements of Section 621(d) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 621, which provides that no overpayment of the pertinent tax shall be credited or refunded "unless the person who paid the tax establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, (1) that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of tax from the vendee, or (2) that he has repaid the amount of the tax to the ultimate purchaser of the article, or unless he files with the Commissioner written consent of such ultimate purchaser to the allowance of the credit or refund."

The relevant Treasury Regulations, 44 (1934 Ed.) Article 84, provide that no credit or refund of the tax in question shall be allowed, unless the taxpayer files a sworn statement explaining satisfactorily the reason for claiming the credit or refund and establishing (1) that he has not included the tax in the price of the commodity with respect to which it was imposed, or collected the amount of the tax from the vendee, or (2) that he has either repaid the amount of the tax to the ultimate purchaser of the commodity, or has secured the written consent of such ultimate purchaser to the allowance of the credit or refund. The obvious object of the statute and of the regulations established by the Secretary of the Treasury in pursuance thereof is to require that the taxpayer show affirmatively that he has borne the burden of the tax and has not shifted it to the purchaser.

The sworn claim for refund filed with the Collector of Internal Revenue by the Standard Oil Company had attached as a part thereof a sworn statement asserting reasons why the specified amount of the excise taxes should be refunded and stating the grounds relied upon by the taxpayer in support of the refund claim. It was stated that disregard by the Commissioner of the separate corporate entities of its subsidiaries, Caldwell & Taylor Corporation and Fleet-Wing Corporation, whose independent operations were stressed, was not authorized by the provisions of the Revenue Act; that the validity of transactions between parent and subsidiary corporations for purposes of

the excise tax law had been recognized in various regulations promulgated pursuant to the Revenue Act; that the sales in question to the subsidiaries had been made prior to the effective date of the Revenue Act imposing the excise taxes; and that the oil and gasoline so sold had been resold by the subsidiary corporations, *as dealers,* subsequent to the effective date of the Act.

Appended to the statement incorporated in the refund claim of the Standard Oil Company was a sworn certificate of the Caldwell & Taylor Corporation and the Fleet-Wing Corporation, joining in the claim for refund and consenting to the allowance and payment of the refund with interest to the Standard Oil Company. It was further certified by the subsidiaries that the entire amount of excise taxes covered by the refund claim "was paid by the Standard Oil Company (Ohio) and that no portion thereof was paid by" either of the subsidiary companies.

The Commissioner of Internal Revenue rejected the refund claim in full. In his letter of rejection, after reviewing the facts and discussing the contentions of the taxpayer, he stated: "While wholly owned subsidiary corporations may be recognized as separate corporate entities, they may also at the same time be mere instrumentalities of the parent corporation to carry its purposes into effect. Careful consideration has been given to the contentions on which your claim is based and it is held that the transactions involved were not bona fide sales of the gasoline and lubricating oil within the meaning of the law and regulations of the Bureau." His letter then called specific attention to the fact that, "regardless of the foregoing," no allowance could be made with respect to the claim in view of Section 621(d) of the Revenue Act of 1932; and accurately recapitulated the prohibitions imposed upon the Commissioner by the Act, the applicable portion of which has been hereinbefore quoted.

Pointing out that the refund claim before the Commissioner, as well as before the court, had been predicated upon the proposition that the transactions between the Standard Oil Company and its subsidiaries "were at arm's length, bona fide, and between separate entities," the district court ruled that the finding by the Commissioner that "a proper sworn statement by the taxpayer has not been filed and established" was not conclusive upon the court in an action for refund. The district court ruled, moreover, that "the facts in the instant case definitely spell out a waiver of the defect claimed, if such defect did exist."

■ There can be no doubt that, inasmuch as the United States cannot be sued except by its consent and upon specified conditions, the filing of a claim for refund as a condition precedent to the recovery of taxes may be lawfully required by statute. See United States v. Felt & Tarrant Co., 283 U.S. 269, 273, 51 S.Ct. 376, 378, 75 L.Ed. 1025, in which, in an opinion reversing a judgment for the recovery of taxes paid on the ground that the refund claim was inadequate, Mr. Justice Stone (afterwards Chief Justice) said that "it is not within the judicial province to read out of the statute the requirement of its words." In Rock Island, Arkansas & Louisiana Railroad Co. v. United States, 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188, Mr. Justice Holmes declared: "Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with."

■ It is clear that the statute and the treasury regulations with which we are concerned exact of the taxpayer an affirmative showing that he has not shifted the burden of the tax to the purchaser of the commodity. The effect of this requirement was to add a new element in the right to refund, namely the non-shifting of the tax burden, which was necessary to be asserted and proved as an element of the claim or cause of action, both in the proceeding before the Commissioner and subsequently in the district court. See United States v. Jefferson Electric Manufacturing Co., 291 U.S. 386, 397, 54 S.Ct. 443, 78 L.Ed. 859, in which the additional element was analogous to that involved here.

■ The assessments of the excise taxes, after investigation and audit, were made by the Commissioner jointly against the Standard Oil Company and Caldwell & Taylor in the one instance, and against Standard and Fleet-Wing Corporation in the other. The refund claim went no farther than to establish that "the person who paid the tax" was the Standard Oil Company, and that the sales to independent subsidiaries had been made before the operative date of the statute imposing the excise taxes. There was no claim or showing made that the subsidiary corporations, jointly assessed with Standard, had not included the tax in the price of the oil and gasoline when sold to the ultimate purchasers from them. No claim or proof that the tax burden had not been shifted to the ultimate purchaser of the commodities is inferable from the claim, or from the record in the case. The trial judge excluded evidence proffered by the Government with respect to the price at which the subsidiary companies had sold the gasoline and oil transferred to them by Standard. In his view, the evidence was immaterial.

■ At the time of the sales upon which the excise taxes had been assessed, Standard owned all the stock of one subsidiary and all the voting stock of the other. Even if the transactions between Standard and its subsidiaries immediately before the excises taxes became operative be deemed to have been bona fide, arm's length transactions between independent corporations, and the sales to have been for legitimate business purposes and not for the evasion of taxes as held by the district court, it would seem that where Standard was jointly assessed with its subsidiaries in the first instance for payment of the excise taxes, the burden rested upon it, pursuant to the statute and the regulations, to state in its refund claim and to establish before the Commissioner that neither it nor its subsidiaries had included the tax in the price of the oil and gasoline subsequently sold by the subsidiary companies to ultimate purchasers. The appellee taxpayer failed to make such claim or to carry such burden. Meticulous compliance by a taxpayer with conditions prescribed for recovery of taxes paid must appear before the taxpayer can recover. Maas & Waldstein Co. v. United States, 283 U.S. 583, 589, 51 S.Ct. 606, 75 L.Ed. 1285. In a case of interlocking relationships of the character disclosed here, the spirit as well as the letter of the law should be strictly observed.

■ The Standard Oil Company insists and the district court held that, even if the taxpayer failed to comply with the requirements of the treasury regulations as to refund claims, compliance was in fact waived by the Commissioner. The contention is that the taxpayer's refund claim was rejected on the merits; but, as has been pointed out, it was also rejected for failure to comply with Section 621(d) of the Revenue Act of 1932.

The first authority cited in the opinion of the district court, Tucker v. Alexander, 275 U.S. 228, 231, 48 S.Ct. 45, 72 L.Ed. 253, holds that statutory requirements and requirements of treasury regulations as to refund claims may be waived by stipulation of the parties; but, here, there was no stipulation of waiver. The Commissioner, after investigation and consideration of the claim, rejected it, not only on its merits, but also on the failure of the claimant to claim or establish that it had not passed the tax on to customers. The informal form of the notice to the latter effect is considered immaterial. After receipt of the notice, Standard had ample time before its claim would be barred by limitation to file an amended claim and establish, if it could, that the tax had not been unlawfully shifted.

The district court mentioned that, in Angelus Milling Co. v. Commissioner of Internal Revenue, 325 U.S. 293, 296, 65 S.Ct. 1162, 89 L.Ed. 1619, Mr. Justice Frankfurter had observed that situations under which the Commissioner has the power to waive defects in claims for refund have not been made crystal clear by the authorities. The language of the opinion of the Supreme Court, 325 U.S. at pages 297, 298, 62 S.Ct. 1162, 89 L.Ed. 1619, was quoted. The holding in the Angelus Milling Company case, however, was

against the right of the taxpayer to recover a refund of a processing tax paid under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq. It was held that the evidence was insufficient to establish that the Commissioner, by investigating the merits of the claim, had waived compliance with requirements of treasury regulations as to the form of the claim; and that the claim, therefore, had been properly rejected. In the instant case, the position of the Government is stronger, for the reason that the defect in the claim for refund is not merely technical but is most substantial, in that there was a failure on the part of the taxpayer to claim and establish an essential statutory element upon which its right to a refund was grounded.

The only other authority cited by the district court upon the proposition is Samara v. United States, 2 Cir., 129 F.2d 594. There, again, the decision was against the taxpayer in his effort to recover taxes under the Agricultural Adjustment Act. This resulted from the accepted principle that a taxpayer who brings suit after a claim for refund has been denied can rely for recovery only on grounds presented to or considered by the Commissioner. Cf. Dascomb v. McCuen, 2 Cir., 73 F.2d 417, 418. The expressions of Judge Swan with respect to the right of the court to entertain jurisdiction, despite a defect in the form of the claim as filed with the Commissioner, are not applicable here, for the reason that the statute which his court was called upon to construe provided that no refund should be allowed, "unless the claimant establishes to the satisfaction of the Commissioner in accordance with regulations prescribed by him * * * *or to the satisfaction of the trial court"* [129 F 2d 596] [italics supplied] that he bore the burden of the tax and has not shifted it to another. No such alternative will be found in the statute here involved.

Our conclusion is that the claim for refund relied on by the appellee Standard Oil Company is insufficient to furnish the essential lawful basis for its court action. The judgment of the district court is, therefore, reversed, and the complaint is directed to be dismissed.

MILLER, Circuit Judge (dissenting).

The statute requires that the claim for refund establish two things as conditions precedent to the credit or refund: (1) That the person who paid the tax has not included the tax in the price of the article, and (2) that he has not collected the amount of the tax from the vendee. The claim for refund complies with both requirements. It states that the sales from the Standard Oil Company to its subsidiaries were before the tax became effective, and that no tax was paid by the vendor or vendee. The logical and reasonable construction of such a statement is that the "tax" was not included in the price of the article to the vendee. There was no tax in existence at that time. The claim also contains the sworn statement that the vendor has not collected the amount of the tax from the vendee. Those facts stood undisputed before the Commissioner. The Commissioner investigated the claim on its merits. I agree with the ruling of the District Judge, as discussed in 63 Fed.S. 48, that the subsidiaries are to be considered separate legal entities and in these purchases were engaging in bona fide legal transactions at arm's length. What the purchasers did later after the tax became effective is immaterial. I believe it necessarily follows that the claim for refund was sufficient and valid.

I am of the opinion that the judgment of the District Court should be affirmed.