VICA CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 11206.

Circuit Court of Appeals, Ninth Circuit.

Jan. 20, 1947.

Walter A. Gleason, of San Francisco, Cal., and Max Radin, of Berkeley, Cal., for petitioner.

Sewall Key, Acting Asst. Atty. Gen., and Helen R. Carloss, Newton K. Fox, and Harry Marselli, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

Vica Company, petitioner herein, has appealed from the order of dismissal of the Tax Court of the United States of a claim for refund of processing taxes paid by it on the processing of hogs. The claim relied upon by the Vica Company was filed on June 30, 1937, with the Collector of Internal Revenue for the First District of California, pursuant to Title VII, Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 960 et seq., entitled: "Refunds of Amounts Collected Under the Agricultural Adjustment Act."[1]

Pursuant to this statute and regulations, as a condition of the allowance of a refund, the claimant is required to file a claim stating the ground of the claim, supported by factual evidence, under oath, relied upon to show that it bore the burden of the tax and did not shift it to others.

The Tax Court held with the Commissioner that the petitioner failed to satisfy the requirements of the applicable provisions of the Revenue Act of 1936 and the regulations promulgated thereunder in that the claimant did not set forth sufficient facts from which the amount of the tax burden borne by it in the processing of hogs, and not shifted, as indicated by marginal evidence,[2] could be computed. It further held that evidence of new or ad-

---

[1] "§ 902. Conditions on Allowance of Refunds

"No refund shall be made or allowed, in pursuance of court decisions or otherwise, of any amount paid by or collected from any claimant as tax under the Agricultural Adjustment Act, unless the claimant establishes to the satisfaction of the Commissioner in accordance with regulations prescribed by him, with the approval of the Secretary, or to the satisfaction of the trial court, or the Board of Review in cases provided for under section 906, as the case may be—

"(a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, * * *

"(b) That he has repaid unconditionally such amount to his vendee * * *

"§ 903. Filing of Claims * * *

"No refund shall be made or allowed of any amount paid by or collected from any person as tax under the Agricultural

Adjustment Act unless, after the enactment of this Act, and prior to January 1, 1940, a claim for refund has been filed by such person in accordance with regulations prescribed by the Commissioner with the approval of the Secretary * * *"

[2] "Sec. 907. Evidence and Presumptions

"(a) Where the refund claimed is for an amount paid or collected as processing tax, as defined herein, it shall be prima-facie evidence that the burden of such amount was borne by the claimant to the extent (not to exceed the amount of the tax) that the average margin per unit of the commodity processed was lower during the tax period than the average margin was during the period before and after the tax. If the average margin during the tax period was not lower, it shall be prima-facie evidence that none of the burden of such amount was borne by the claimant but that it was shifted to others."

149

ditional facts not set forth in the claim may not be introduced at the trial, and where the claim is clearly inadequate in its statement of facts, the proceeding may be dismissed without hearing, since a hearing would serve no useful purpose.

Petitioner contends that the Tax Court erred in declaring the claim insufficient because it failed to allege the marginal data, and if there were any technical defects in the claim, the Commissioner waived these defects by his course of conduct.

A case decided December 5, 1946 by the United States Circuit Court of Appeals, Sixth Circuit, United States of America v. Standard Oil Company, an Ohio Corporation, 158 F.2d 126, 128, is analogous. In that case the Circuit Court concluded that the claim for refund relied on by the Standard Oil was insufficient to furnish the essential lawful basis for its court action and the judgment of the district court awarding the refund to the Standard Oil Company was reversed and the complaint was directed to be dismissed. The court said:

"It is clear that the statute and the treasury regulations with which we are concerned exact of the taxpayer an affirmative showing that he has not shifted the burden of the tax to the purchaser of the commodity. The effect of this requirement was to add a new element in the right to refund, namely the non-shifting of the tax burden, which was necessary to be asserted and proved as an element of

the claim or cause of action, both in the proceeding before the Commissioner and subsequently in the district court. See United States v. Jefferson Electric Manufacturing Co., 291 U.S. 386, 397, 54 S.Ct. 443, 78 L.Ed. 859, in which the additional element was analogous to that involved here.

"* * * the burden rested upon it, (taxpayer) pursuant to the statute and the regulations, to state in its refund claim and to establish before the Commissioner that neither it nor its subsidiaries had included the tax in the price of the oil and gasoline subsequently sold by the subsidiary companies to ultimate purchasers. *The appellee taxpayer failed to make such claim or to carry such burden. Meticulous compliance by a taxpayer with conditions prescribed for recovery of taxes paid must appear before the taxpayer can recover.* Maas & Waldstein Co. v. United States, 283 U.S. 583, 589, 51 S.Ct. 606, 75 L.Ed. 1285." (Emphasis supplied.)

A necessary part of a proper claim for refund is an adequate statement of the contention of the taxpayer of the extent to which the taxpayer bore the burden of the processing tax, together with a statement of facts in support of that contention.

An examination of the record and of the claim involved in this proceeding shows that the claim is incomplete on its face, that it is wholly inadequate for its purpose and that the claimant wholly failed

---

Art. 605, Treasury Regulations 96, Revenue Act of 1936, 7 U.S.C.Supp. IV, Sec. 648.

"* * * The average margin for the tax period shall be computed as follows: Determine for each month during the period (1) the gross sales value of articles derived from the commodity processed during such month; (2) the cost of the commodity processed during such month; (3) the amount of processing tax paid with respect to the quantity of the commodity processed during the month; and (4) the number of units of the commodity processed during the month. The sum of the monthly gross sales values for all months during the period minus the sum of the monthly costs of the commodity processed for all months during the period, minus the sum of the processing taxes paid for all months during the period, and divided by the sum of the

number of units of the commodity processed during all the months comprising the period is the average margin for such period * * *

"In support of such statement there shall be submitted, verified by appropriate affidavit, a detailed showing of the manner in which the margins for each month and the average margins for each period were ascertained, the data and records on which they were based, the location of such data and records, and all other related matters, including the accounting procedure of the claimant, which entered into the computations of the margin. All elements, factors, units, or measures entering into the computation of such margins, and any departure from uniformity in the use thereof in making such computation for any part of either period, must be fully explained and justified."

to comply with the formal conditions of the statute relative thereto.

The Vica Company insists that even if it failed to comply with the requirements of the regulation as to the refund claim, and if there were any technical defects in the claim, the Commissioner waived these defects by his course of conduct, and it is entitled to the opportunity to present to a judicial tribunal the same evidence and data presented to the Commissioner.

The same contention was made in the above mentioned Standard Oil Co. case. There the Circuit Court said:

"The Standard Oil Company insists and the district court held that, even if the taxpayer failed to comply with the requirements of the treasury regulations as to refund claims, compliance was in fact waived by the Commissioner. * * *

"The first authority cited in the opinion of the district court, Tucker v. Alexander, 275 U.S. 228, 231, 48 S.Ct. 45, 72 L.Ed. 253, holds that statutory requirements and requirements of treasury regulations as to refund claims may be waived by stipulation of the parties; but, here, there was no stipulation of waiver. The 'Commissioner, after investigation and consideration of the claim, rejected it, not only on its merits, but also on the failure of the claimant to claim or establish that it had not passed the tax on to customers. * * *

"The district court mentioned that, in Angelus Milling Co. v. Commissioner of Internal Revenue, 325 U.S. 293, 296, 65 S.Ct. 1162, 89 L.Ed. 1619, Mr. Justice Frankfurter had observed that situations under which the Commissioner has the power to waive defects in claims for refund have not been made crystal clear by the authorities. The language of the opinion of the Supreme Court, 325 U.S. at pages 297, 298, 62 S.Ct. 1162, 89 L.Ed. 1619, was quoted. The holding in the Angelus Milling Co. case, however, was against the right of the taxpayer to recover a refund of a processing tax paid under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq. It was held that the evidence was insufficient to establish that the Commissioner, by investigating the merits of the claim, had waived compliance with

requirements of treasury regulations as to the form of the claim; and that the claim, therefore, had been properly rejected. *In the instant case, the position of the Government is stronger, for the reason that the defect in the claim for refund is not merely technical but is most substantial in that there was a failure on the part of the taxpayer to claim and establish an essential statutory element upon which its right to a refund was grounded."* (Emphasis supplied.)

We quote the above for the reason that in this case claimant too relies on Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253, cited above. Here the Commissioner's alleged waiver would have been an attempted abandonment of an absolute defense to the claim, and the decisions are numerous emphasizing that conditions precedent to suit, prescribed by statute, cannot at least without proper stipulation, be waived by the Commissioner but must be complied with strictly.

Petitioner refers to the case of Anniston Manufacturing 'Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143, to make clear the relation between the jurisdiction of the Commissioner and of the Processing Tax Board of Review (now the Tax Court) in his contention that under the Revenue Act of 1936, Section 906, 7 U.S.C.A. § 648 (c, d), after the filing of the claim before the Commissioner, and its rejection by the Commissioner, the claimant "shall be entitled to a hearing as provided herein," and that this hearing is a full plenary hearing in which witnesses are heard and evidence received and determined.

The "hearing" contemplated by the above statute is for the purpose of substantiating the facts set forth in a *true* and *complete* claim for refund of processing tax which should have been supplied by petitioner and which could have been rebutted by the Government. The failure to complete the claim by including the marginal data from which the amount of tax burden borne by the claimant could be computed, left petitioner without the benefit of a presumption in regard to margins as provided under said Title.

In the Anniston case above, petitioner brought suit against the Collector of In-

ternal Revenue to recover the amounts paid as cotton processing taxes and as cotton floor stock taxes under the Agricultural Adjustment Act of 1933. Petitioner alleged the unconstitutionality of the statute imposing the tax. Demurrer was sustained by the District Court and its judgment of dismissal was affirmed by the Circuit Court of Appeals upon the ground that the court below was without jurisdiction to entertain the action. Certiorari was granted and judgment of dismissal affirmed. Petitioner contended that by reason of the nature of the operations in which it was involved, there was an "inherent impossibility" of proving whether or to what extent the burden of the taxes paid had been shifted to others. The court said [301 U.S. 337, 57 S.Ct. 823]:

"When the Congress requires the claimant, who has paid the invalid tax, to show that he has not been reimbursed or has not shifted its burden, the provision should not be construed as demanding the performance of a task, if ultimately found to be inherently impossible, as a condition of relief to which the claimant would otherwise be entitled. There is ample room for the play of the statute within the range of possible determinations. Impossibility of proof may not be assumed. It cannot be doubted that *the requirement has appropriate and valid effect in placing upon the claimant the duty to present fully all the facts pertaining to the question of the shifting of the burden of the tax* and in denying relief where the facts justify a conclusion that the burden has been shifted from the claimant to others. * * * *That is the necessary import of the provision for judicial review, giving authority to the reviewing court to modify or reverse the decision of the Board 'if it is not in accordance with law.'*" (Emphasis supplied.)

Again the court said:

"Petitioner's contention as to impossibility of proof is premature. Manifestly there is no impossibility so far as the production of proof of petitioner's operations or course of business is concerned. What is meant by impossibility of proof is impossibility of determination after these facts are in. * * * For the present purpose it is sufficient to hold, and we do hold, that the *petitioner may constitutionally be required to present all the pertinent facts in the prescribed administrative proceeding* and may there raise, and ultimately may present for judicial review, any legal question which may arise as the facts are developed." (Emphasis supplied.)

With regard to the insufficiency of the statements made in petitioner's claim and his contention that "he merely seeks an opportunity to present, in a judicial forum, the evidence which it has already indicated, under oath, it wishes to rely on, and to show the conclusiveness of that evidence", the Tax Court said:

"Parts of the petitioner's argument in this connection might be taken as an admission on its part that the facts stated in its claim are an insufficient basis for a refund. However, the present decision will not be based on any admission of the petitioner.

"Counsel for the petitioner in this case has failed to meet and answer the argument of the respondent and the suggestions of the Court calling attention to various decisions holding that the claim for refund must contain a statement of the facts relied upon by the petitioner to support its claim; evidence to prove material facts not set forth in the claim may not be introduced at the trial; and, consequently, where the claim is clearly inadequate in its statement of facts, the proceeding may be dismissed without hearing, since a hearing would serve no useful purpose. Counsel for the petitioner has argued extensively in regard to the difficulties to which it has been subjected as a result of the processing tax and the inequity of denying it a hearing. This Court has no jurisdiction beyond that granted by the applicable statutes and is not free to go beyond its statutory authority to apply rules of equity. Tennessee Consolidated Coal Co. v. Commissioner, supra. [6 Cir., 117 F.2d 452] Furthermore, no inequity is done by refusing to allow the petitioner to go to trial, with the additional expense incident thereto, if the Court is right in believing that such a trial could not possibly result in any benefit to the petitioner."

We affirm the opinion of the Tax Court.