**Vernie Loren WEST d/b/a West Coach Mfg. Co., Plaintiff-Appellant,**

v.

**UNITED STATES of America,\* Defendant-Appellee.**

**No. 16640.**

United States Court of Appeals Seventh Circuit.

June 27, 1968.

Rehearing Denied July 31, 1968.

B & G Electric Company v. G. E. Bass & Company, 5 Cir., 1958, 252 F.2d 698.

\* Suit was initially brought against Jay G. Philpott, District Director of Internal Revenue. Motion to substitute the United States of America as defendant under Title 26, U.S.C. § 7422(f) (2) was allowed by the District Judge.

**382**

John E. Cassidy, Jr., Cassidy, Cassidy, Quinn & Lindholm, Peoria, Ill., William L. Rutherford, Peoria Heights, Ill., for appellant.

Frank X. Grossi, Jr., Mitchell Rogovin, Lee A. Jackson and Crombie J. D. Garrett, Department of Justice, Washington, D. C., Richard E. Eagleton, U. S. Atty., Springfield, Ill., James G. Hatcher, Asst. U. S. Atty., of counsel, for appellee.

Before CASTLE, Chief Judge, KNOCH, Senior Circuit Judge, and KILEY, Circuit Judge.

KNOCH, Senior Circuit Judge.

The plaintiff-appellant, Vernie Loren West, doing business as West Coach Mfg. Co., manufactured and sold "pick-up" campers, portable dwelling units designed to be carried in a pick-up truck. The plaintiff remitted excise taxes on these campers as follows:

| | |
|---|---:|
| Sept. 30, 1962 to | |
| December 31, 1962 | $ 340.78 |
| March 31, 1963 to | |
| December 31, 1963 | 3,351.74 |
| March 31, 1964 to | |
| December 31, 1964 | 6,349.43 |
| | $10,041.95 |

On May 25, 1966 plaintiff's claim for refund, filed December 29, 1965, on the ground that such campers were not subject to the tax (relying on the holding in United States v. King Trailer Company, 9 Cir., 1965, 350 F.2d 947) was rejected.

Plaintiff then filed his action in the United States District Court asserting the above exemption and seeking refund of excise taxes paid. The government moved to dismiss the action on the ground that the claim for the third quarter of 1962 was untimely* and that the entire claim was improper for failure to allege that the excise tax was not included in the price and had not been collected from purchasers of the campers, and that the failure to make similar allegations in the complaint rendered it subject to dismissal for failure to state a claim on which relief could be granted.

The District Judge concluded that filing of a proper claim for refund was an essential prerequisite to jurisdiction and dismissed the action. The plaintiff then sought to file an amended complaint which alleged that the tax had not been passed on to the purchaser or, in the alternative, that plaintiff would submit purchasers' consents to the suit for refund. The District Judge held that the proposed amendment would be ineffective to cure the deficiency in the claim itself and denied leave to file the amended complaint. This appeal followed.

The parties agree that § 6416(a) (1) (A) & (D) of the Internal Revenue Code of 1954 (Title 26 U.S.C.) conditions refund on a showing that the claimant has not passed the tax on to the purchaser, has repaid the purchaser, or has a written consent from the purchaser to allowance of the refund. However, plaintiff contends that this showing is a condition precedent only to actual refund or satisfaction of judgment, despite regulations implementing this statute which require a taxpayer to submit in support of his claim a statement or consent as described in the statute. Section 7422 (a) of the Code prohibits suit until a claim for refund has been duly filed pursuant to the pertinent law and regulations.

---

* This has been conceded by plaintiff and is not under consideration here.

By failing to submit a claim in accordance with the statute and the reasonable regulations implementing it, the plaintiff has denied the Commissioner of Internal Revenue an opportunity to pass on his claim, thus defeating the object of § 7422(a).

The plaintiff relies on International Business Machines Corporation v. United States, 1965, 343 F.2d 914, 170 Ct.Cl. 357. However the issue of a prior proper claim does not appear to have been squarely raised in that case. The Commissioner there was contending that consents must be procured prior to the expiration of the statutory period for bringing action for refund. There were more than 3000 separate customers involved. The taxpayer filed 3,190 customer consents after the 2-year limitations period. The Court of Claims there concluded, as the petitioner quotes, that no meaningful interest would be advanced by requiring all the consents to be collected before the tribunal had a chance to decide whether there could be any recovery at all. In that case almost $252,000 of the sum sought represented excises paid by the taxpayer itself on devices put to its own use, never passed on to others, but wholly absorbed. Thus the Court noted that (page 918, ftn. 2) the taxpayer had a right to a determination on the merits regardless of customer consents.

The issue of failure to file a proper refund claim was clearly presented in Cudahy Packing Co. v. United States, 7 Cir., 1945, 152 F.2d 831, cert. den. 328 U.S. 849, 66 S.Ct. 1120, 90 L.Ed. 1622, 1946, in which this Court affirmed the holding of the District Court that the claim for refund was insufficient to support jurisdiction. We cannot agree with the plaintiff that this holding was somehow weakened by this Court's consideration of the evidence which the District Court had heard on the burden of the tax and the taxpayer's contention that the Commissioner waived full compliance with his regulations. To the same effect are Vica Co. v. Commissioner of Internal Revenue, 9 Cir., 1947, 159 F.2d 148, cert. den. 331 U.S. 833, 67 S.Ct. 1513, 91 L.Ed. 1847; Jaubert Bros. v. United States, 5 Cir., 1944, 141 F.2d 206.

Plaintiff suggests that waiver might have been proved here. Plaintiff reasons that although the notices of rejection of his claim stated no ground specifically, the Commissioner actually rejected the claim on the basis of nonrecognition of the decision in United States v. King Trailer Co., supra, until subsequent to June 21, 1965, because of a letter he had received from an agent of the Commissioner setting out the Commissioner's position in respect to that case. Subsequently the Commissioner did acquiesce in the holding of the *King* case. The plaintiff argues that it would therefore have made no difference had the claim included a statement concerning the passing on of the tax or the securing of consents because it was not until his later claim (set out in Count II of the proposed amended complaint) for the period from January 1, 1965 through June 30, 1965, that disallowance was stated to be on specific grounds, namely that the taxpayer had sold campers from a price list noting "prices include Federal Tax," and taxpayer had failed either to repay the tax to or obtain consent from the customer.

There is no indication here that the Commissioner saw fit to dispense with his formal requirements. His failure to request additional data cannot be construed to be a waiver. Cudahy Packing Co. v. United States, supra, 152 F.2d page 834; Angelus Milling Co. v. Commissioner of Internal Revenue, 1945, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619; United States v. Standard Oil Co., 6 Cir., 1946, 158 F.2d 126, cert. den. 331 U.S. 836, 67 S.Ct. 1519, 91 L.Ed. 1849, rehrg. den. 332 U.S. 786, 68 S.Ct. 33, 92 L.Ed. 369.

The decision of the District Court is affirmed.

Affirmed.