RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0261p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

WORLDWIDE EQUIPMENT OF TN, INC.; WORLDWIDE
EQUIPMENT, INC.; WORLDWIDE EQUIPMENT OF WV,
INC.,

                    *Plaintiffs-Appellants*,

    *v.*

UNITED STATES OF AMERICA,

                    *Defendant-Appellee*.

No. 17-5031

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Pikeville.
Nos. 7:14-cv-00107; 7:14-cv-00108; 7:15-cv-00018; 7:15-cv-00019;
Amul R. Thapar, District Judge.

Argued: October 6, 2017

Decided and Filed: November 20, 2017

Before: MERRITT, MOORE, and ROGERS, Circuit Judges

---

## COUNSEL

**ARGUED:** Drew M. Hicks, KEATING MUETHING & KLEKAMP PLL, Cincinnati, Ohio, for
Appellants. Julie Ciamporcero Avetta, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee. **ON BRIEF:** Drew M. Hicks, William A. Posey, Bryce J.
Yoder, KEATING MUETHING & KLEKAMP PLL, Cincinnati, Ohio, for Appellants. Julie
Ciamporcero Avetta, Francesca Ugolini, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee.

---

**OPINION**

---

ROGERS, Circuit Judge.  This case presents the question of what one must do in order to sue for the refund of a tax that someone else paid.  Worldwide Equipment, Inc. remitted a 12% federal excise tax collected from purchasers of its heavy duty trucks, and sought a refund from the United States, claiming that the trucks qualified as exempted, "off-highway" vehicles under 26 U.S.C. § 7701(a)(48).  The refund statute for such a case, 26 U.S.C. § 6416(a), requires a refund claimant to show that it has made arrangement to avoid double payments by, as relevant to this case, submitting written customer consent forms.  Worldwide did not supply such consents to the IRS.  The district court, relying on long-standing Supreme Court and Sixth Circuit precedents applying predecessor statutory provisions, *United States v. Jefferson Electric Mfg. Co.*, 291 U.S. 386 (1934) and *United States v. Standard Oil Co.*, 158 F.2d 126 (6th Cir. 1946), dismissed Worldwide's refund claims on nonwaivable sovereign immunity grounds because the consent forms were statutorily required as part of a "duly filed" claim under 26 U.S.C. § 7422(a).  Notwithstanding Worldwide's arguments on appeal, dismissal was proper.

Worldwide Equipment, Inc. is an authorized dealer for Mack Trucks, Inc.  Part of Worldwide's business is selling heavy Mack trucks that are designed to be used in Appalachian coalfields.  One such truck is the GU713, which Mack began selling in 2008 as part of the "Granite" or "GU" Series.  Depending on a customer's needs and the truck's applications, the GU713 is available in several classifications, including normal duty, heavy duty, and severe duty.  According to Worldwide, the Severe Duty GU713 ("subject truck") is designed and sold to Worldwide's customers for the specific purpose of off-road, coal-industry use.  The subject trucks are uniformly wider than standard GU713 models, with larger and heavier components, and they generally cost between $27,000 and $32,000 more than the Normal or Heavy Duty GU713 models.

Between 2008 and 2014, the IRS taxed Worldwide's sales of the subject trucks under 26 U.S.C. § 4051(a)(1)–(2), which requires a retailer to pay a twelve-percent excise tax on the "first retail sale" of an "[a]utomobile truck chassis" or "bod[y]" weighing more than 33,000 pounds sold for use as part of a highway vehicle. *See id.* During those tax periods, Worldwide collected the § 4051(a) excise tax from customers purchasing the subject trucks and remitted the taxes to the Government. Worldwide then filed administrative claims for refund of the taxes collected from its customers, on the grounds that the subject trucks were "off-highway transportation vehicles" excepted from § 4051(a) by 26 U.S.C. § 7701(a)(48).

As part of a refund claim, the excise tax refund statute, 26 U.S.C. § 6416(a), requires refund claimants to demonstrate that they would not be unjustly enriched by a refund and identifies a number of methods for claimants to make such a showing. Relevant to this case, § 6416(a) allows a refund claimant to show that it has made arrangement to avoid double payments by submitting written customer consent forms with the claimant's administrative claims. *Id.* Worldwide, however, did not file any written customer consent forms with its administrative refund claims to the IRS.

While Worldwide's administrative refund claims were pending, the IRS requested that Worldwide provide its customer consent forms for the vehicles included in its claims, but Worldwide never provided written consents to the IRS in response to this request or at any time during the pendency of the IRS's administrative review. The IRS subsequently denied all of Worldwide's administrative claims, finding that the subject trucks did not qualify as exempt "off-highway vehicles" under § 7701(a)(48). The IRS's decision, however, did not mention Worldwide's failure to file customer consents as grounds for denying its refund claims.

Worldwide then brought separate actions in the district court challenging the IRS's decision. The district court consolidated the separate actions, and, after fifteen months of discovery, the parties cross-filed dispositive motions. Worldwide sought summary judgment, reasserting its contention that the subject trucks were "off-highway" vehicles as defined under § 7701(a)(48). The United States moved to dismiss the entire suit for lack of jurisdiction. According to the Government, Worldwide's failure to file its customer consent forms at the administrative stage violated § 6416(a); therefore, the claims had not been "duly filed with the

Secretary, according to the provisions of law in that regard," as required by 26 U.S.C. § 7422(a). Because failing to "duly file[]" one's claims violates § 7422(a)'s jurisdictional standard, the Government argued, the district court lacked jurisdiction over Worldwide's refund suit.

The district court denied Worldwide's motion for summary judgment, finding that "a genuine issue of material fact remains" whether the subject trucks qualify as "off-highway vehicles." The court also denied the United States' motion to dismiss the entire action. Based on the plain language of § 6416(a), the court concluded that Worldwide's failure to include the consents prior to suit was not a material deficiency in its claims that deprived the court of jurisdiction, because § 6416(a)(1)(D) "says nothing about what a plaintiff must do before filing a claim" and "nothing else in the statute suggests that a plaintiff must file the consents before filing a lawsuit."

Prior to trial, the United States renewed its motion to dismiss the entire case for lack of jurisdiction based on Worldwide's failure to file its customer consents at the administrative stage. This time, in support of its argument that § 6416(a) requires refund claimants to file customer consents at the administrative stage, the Government cited *United States v. Jefferson Electric Mfg. Co.*, 291 U.S. 386 (1934) and *United States v. Standard Oil Co.*, 158 F.2d 126 (6th Cir. 1946), both of which had interpreted earlier versions of § 6416(a). Adhering to *Jefferson Electric* and *Standard Oil*, the district court held that § 6416(a) imposes a substantive limitation on a taxpayer's right to a refund by prescribing an additional substantive element that the taxpayer must prove in order to recover: the refund claimant must show that it did not shift the burden of the excise tax to another. Moreover, according to the district court, those cases added an element of timing in addition to substance. The court held that a refund claimant must demonstrate it did not shift the burden of the excise tax, both before the IRS and in any suit brought after the IRS denies a claim. Therefore, the court concluded, Worldwide's failure to file the customer consents with the IRS meant that its administrative claim was missing an essential element that Worldwide was obligated to establish before the IRS. Because Worldwide's administrative claim had not been "duly filed with the Secretary, according to the provisions of law in that regard" or another "regulation[] . . . established in pursuance thereof," the court held that it lacked jurisdiction under § 7422(a). Finally, the court rejected Worldwide's arguments

that the IRS had waived the consent requirement when it denied Worldwide's claims on their merits because "§ 6416(a)(1)(D) impose[s] an independent statutory duty on Worldwide to file written consents 'with the secretary'" and "[t]he IRS has no power to waive this congressionally mandated requirement." This appeal followed.

The district court properly dismissed Worldwide's refund actions. The federal courts are without jurisdiction to consider Worldwide's refund claims because Worldwide failed to comply with 26 U.S.C. § 6416(a)'s requirement to submit customer consent forms at the administrative stage as part of a "duly filed" claim with the IRS "according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof," 26 U.S.C. § 7422(a). The United States is immune from suit except to the extent it consents to be sued, and the conditions that Congress imposes on any waiver of sovereign immunity define the court's jurisdiction. *United States v. Testan*, 424 U.S. 392, 399 (1976). One such condition imposed by Congress in "[t]he Internal Revenue Code specifies that . . . [a] taxpayer must comply with the tax refund scheme established in the code" before bringing suit "seeking a refund of taxes erroneously or unlawfully assessed." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008). Worldwide, however, did not comply with the tax refund scheme established under § 6416(a) because it failed to file its customer consent forms with the IRS at the administrative stage in order to assert and prove that it would not be unjustly enriched by a refund.[1] *See Jefferson Electric*, 291 U.S. at 397, 400 (1934); *Standard Oil*, 158 F.2d at 128–29 (6th Cir. 1946). Therefore, Worldwide's claims were jurisdictionally deficient under § 7422(a), because "No [refund] suit . . . shall be maintained in any court . . . until a claim for refund or credit has been *duly filed* with the Secretary, *according to the provisions of law in that regard*, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a) (emphasis added).

---

[1]While § 6416(a) provides many alternative methods for a retailer to demonstrate that it has borne the burden of the excise tax, the parties agree that the written consent option is the only option relevant to this case.

Worldwide contends that the plain language of § 6416(a), rather than requiring claimants to file consent forms at the administrative stage, merely requires a refund claimant to file its written consents before a refund is dispersed. That argument, however, is unavailing because *Jefferson Electric* and *Standard Oil*, which interpreted direct statutory antecedents to § 6416(a), dictate this court's understanding of § 6416(a). Those cases establish that the statutory prohibition against unjust enrichment of excise tax refund claimants imposes a substantive limitation on a taxpayer's right to a refund. *See Jefferson Electric*, 291 U.S. at 395. "The effect of this requirement [is] to add a new element in the right to refund, namely" the claimant must prove "the non-shifting of the tax burden." *Standard Oil*, 158 F.2d at 128. Thus, if a taxpayer fails to prove that it actually bore the cost of the excise tax, it may not recover those payments through a refund claim. *Jefferson Electric*, 291 U.S. at 397, 400; *Standard Oil*, 158 F.2d at 128–29.

*Jefferson Electric* and *Standard Oil* also establish when this essential, substantive element must be asserted and proved. "[T]his substantive limitation and element of the right to a refund," like others, must "be satisfactorily established in any proceedings where an asserted right to a refund is presented . . . , whether the proceeding be *before the Commissioner* or be a suit brought after an application to him has been unavailing." *Jefferson Electric*, 291 U.S. at 395 (emphasis added). Therefore, "the non-shifting of the tax burden," must be "asserted and proved as an element of the [taxpayer's] claim . . . , *both* in the proceeding *before the Commissioner* and subsequently in the district court." *Standard Oil*, 158 F.2d at 128 (emphasis added).

Worldwide admits that it failed to submit any written consents during the IRS's review of its refund claims. That failure amounted to noncompliance with § 6416(a)'s requirement that Worldwide "assert[] and prove[]" the "non-shifting of the tax burden" "in the proceeding before the Commissioner." *Standard Oil*, 158 F.2d at 128. It also ran afoul of 26 C.F.R § 301.6402-2(a)(2), which requires taxpayers seeking refunds to file "supporting evidence" along with their Form 8849 claims for refund of excise taxes. The taxpayer must state in its claim "facts sufficient to apprise the [IRS] of the exact basis" for the claim. 26 C.F.R § 301.6402-2(b)(1). However, Worldwide's failure to submit its consents, or any information about their availability, meant that the IRS lacked sufficient facts to evaluate whether Worldwide had satisfied all of the

essential elements of its claims.   Consequently, the federal courts are without jurisdiction to consider Worldwide's claim because Worldwide did not "duly file[]" its claims "according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof," as required by 26 U.S.C. § 7422(a).

Worldwide claims, however, that *Jefferson Electric* and *Standard Oil* do not control in this case.   Worldwide concedes in its brief that *Jefferson Electric* and *Standard Oil* concluded that the prohibition on unjust enrichment "constitutes an 'element in the right to refund' that must be proved at the administrative level or before a district court for a party to recover on its claims."   But Worldwide contends that these cases are "inapposite" because § 6416(a) is materially different from the provisions considered in *Jefferson Electric* and *Standard Oil*, in that § 6416(a)'s plain language only requires that a taxpayer file his consents prior to a refund being disbursed.   However, this argument ignores the history and substance of § 6416(a) and its predecessors.   The provisions addressed in *Jefferson Electric* and *Standard Oil* are direct antecedents of § 6416(a) and these earlier versions of the prohibition against unjust enrichment were not materially different from the current one.

*Jefferson Electric* and *Standard Oil* each dealt with direct statutory antecedents to § 6416(a), and there have been no significant changes to the prohibition's purpose, language, or substance in any of the recodifications. *See Travel Indus. of Kan., Inc. v. United States*, 425 F.2d 1297, 1298–99 (10th Cir. 1970); Note, *Federal Excise Tax Refunds*, 56 COLUM. L. REV. 77, 91– 92 n.89 (1956).   The first statutory prohibition on the unjust enrichment of excise tax refund claimants was promulgated under § 424(a) of the Revenue Act of 1928; it was later recodified as § 621(d) of the Revenue Act of 1932, then as § 3443(d) in the Internal Revenue Code of 1939, and finally took its current form in the Revenue Code of 1954 as § 6416(a). *Travel Indus.*, 425 F.2d at 1298–99.   The operative language of each revision is as follows:

| Section 424(a) of the Revenue Act of 1928, Pub. L. No. 70-563, 45 Stat. 791, 866.[2] | Section 621(d) of the Revenue Act of 1932, Pub. L. No. 72-154, 47 Stat. 169, 268,[3] and Section 3443(d) of the Internal Revenue Code of 1939, 26 U.S.C. § 3443 (1939).[4] | Section 6416(a) of the Revenue Code of 1954, 26 U.S.C. § 6416(a). |
|---|---|---|
| [No heading] | [No heading] | (a) Condition to allowance |
| (a) No refund shall be made of any amount . . . , unless . . . | (d) No overpayment of tax under this chapter shall be credited or refunded . . . , unless | (1) General Rule.--No credit or refund of any overpayment of tax . . . shall be allowed or made unless |
| (2) It is established to the satisfaction of the Commissioner . . . | the person who paid the tax establishes, in accordance with the regulations prescribed by the Commissioner with the approval of the Secretary, | the person who paid the tax establishes, under regulations prescribed by the Secretary, |
| that such amount was not collected, directly or indirectly, from the purchaser or lessee, or | (1) that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of the tax from the vendee, or | that he– (A) has not included the tax in the price of the article with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article [or] |
| that such amount, although collected from the purchaser or lessee, was returned to him; or | (2) that he has repaid the amount of the tax to the ultimate purchaser of the article, or | (B) has repaid the amount of the tax to the ultimate purchaser of the article . . . [or] |
| (3) The Commissioner certifies to the proper disbursing officer that such [claimant] has filed with the Commissioner, under regulations prescribed by the Commissioner with approval of the Secretary, a bond in such sum and with such sureties as the Commissioner deems necessary . . . . | unless he files with the Commissioner written consents of such ultimate purchaser to the allowance of the credit or refund | (D) has filed with the Secretary the written consents of the [ultimate purchaser] to the allowance of the credit or the making of the refund. |

*Jefferson Electric*, 291 U.S. at 391–92, considered the first statutory prohibition on the unjust enrichment of excise tax refund claimants, § 424(a) of the Revenue Act of 1928, while

---

[2] Quoted in *Jefferson Electric*, 291 U.S. at 391–92.

[3] Quoted in *Andrew Jergens Co. v. Conner*, 125 F.2d 686, 687–88 (6th Cir. 1942).

[4] Quoted in *Worthington Pump & Mach. Corp. v. United States*, 122 F. Supp. 843, 845 (Ct. Cl. 1954).

*Standard Oil*, 158 F.2d at 127, looked to § 424(a)'s successor, § 621(d) of the Revenue Act of 1932.  When Congress carried forward the prohibition on unjust enrichment from § 424(a) to § 621(d), it implemented the most significant substantive change to the prohibition, but the *Standard Oil* court still found *Jefferson Electric* controlling.  In particular, § 424(a)(3) of the 1928 Revenue Act allowed taxpayers to establish that they had borne the economic burden of the tax by filing a bond with the IRS to ensure that the refund claimant would distribute any refund payments to the primarily liable taxpayers within six months, but § 621(d)(2) of the 1932 Act replaced this bond option with the current condition that a refund claimant demonstrate that it "has secured the written consent of the ultimate purchaser to the allowance of the credit or refund," *Standard Oil*, 158 F.2d at 127.  In 1939, "with no material changes, [Section] 621(d) appeared in the Internal Revenue Code . . . as [Section] 3443(d)."  *Travel Indus.*, 425 F.2d at 1299.  Finally, "Section 3443(d) was in turn replaced in the Internal Revenue Code of 1954 by [Section] 6416(a)," again with no material changes.  *Id.*

According to Worldwide, this history ignores the fact that § 6416(a) includes a heading that its predecessors lacked identifying the prohibition on unjust enrichment of excise tax refund claimants as a "condition to allowance."  Worldwide contends that by adding this heading Congress sought to "clarify" the prohibition on unjust enrichment and obviate the timing element established in *Jefferson Electric* and *Standard Oil*.  Of course, by "clarify" Worldwide means "change," because if adding the heading "Condition to allowance" merely clarified the prohibition on unjust enrichment, that would not obviate the Supreme Court's prior interpretation of the statutory language.  But if the heading "clarifies" the statute in a way that negates the Supreme Court's previous interpretation of the language of the statute, it changes it.  This argument, however, fails because the language, purpose, and substance of § 6416(a) are not significantly different from its predecessors' (§ 424(a) and § 621(d)).  Thus, *Jefferson Electric* and *Standard Oil* continue to control this court's interpretation of § 6416(a).

First, like § 6416(a), neither § 424(a), *see Jefferson Electric*, 291 U.S. at 391–92, nor § 621(d), *see Andrew Jergens*, 125 U.S. at 687–88, explicitly stated a timing requirement for when a taxpayer must demonstrate that it has borne the burden of the tax.  But such an explicit provision is not necessary because the Supreme Court and this court have both held that proof of

the non-shifting of the tax burden is a substantive element of the prohibition on unjust enrichment of excise tax claimants. *Jefferson Electric*, 291 U.S. at 397, 400; *Standard Oil*, 158 F.2d at 128–29. Worldwide admits this. Thus, like other substantive elements of a refund claim, the non-shifting of the tax burden must be asserted and proved at the administrative stage. *Jefferson Electric*, 291 U.S. at 395; *see also Anniston Mfg. Co. v. Davis*, 301 U.S. 337, 350 (1937) (reaffirming *Jefferson Electric*).

The addition of the three-word heading, "Condition to allowance," did not meaningfully alter the prohibition against unjust enrichment's requirements or change the nature of the obligation imposed by the prohibition. "[H]eadings and titles are not meant to take the place of the detailed provisions of the text." *Bhd. of R. R. Trainmen v. Balt. & Ohio R. R. Co.*, 331 U.S. 519, 528 (1947). While "the title of a section can be used to shed light on some ambiguous word or phrase," *U.S. Padding Corp. v. Comm'r*, 865 F.2d 750, 754 (6th Cir. 1989) (citation and internal quotation marks omitted), the operative language in § 6416(a) is nearly identical to the language that the Supreme Court and this court have held to create—unambiguously—a substantive element that must be asserted and proved at the administrative stage. Section 424(a) provided that "[n]o refund shall be made . . . unless . . . [i]t is established to the satisfaction of the Commissioner" that the taxpayer bore the burden of the tax;[5] § 621(d) provided "[n]o overpayment of tax . . . shall be credited or refunded . . . unless [the taxpayer] establishes . . . that [the taxpayer] has repaid the amount of the tax to the ultimate purchaser of the article, or . . . files with the Commissioner written consent of such ultimate purchaser to the allowance of the credit or refund";[6] and, finally, § 6416(a) provides that "[n]o credit or refund . . . shall be allowed or made unless the [taxpayer] establishes that he . . . has filed with the Secretary the written consent of the [ultimate purchaser] to the allowance of the credit or making of the refund," 26 U.S.C. § 6416(a). *See* Table *supra*. There has accordingly been no change in the provisions of the text that would negate *Jefferson Electric* and *Standard Oil*'s controlling interpretations.

Moreover, the heading "Condition to allowance" would sit as comfortably above § 424(a) or § 621(d) as it does § 6416(a). Even if "Condition to allowance" had been added to the text of

---

[5]Quoted in *Jefferson Electric*, 291 U.S. at 391–92.

[6]Quoted in *Andrew Jergens Co.*, 125 F.2d at 687–88.

the earlier provisions, it is hard to see how that would have made a difference to the substantive content of the statute because the language of both § 424(a) and § 621(d) could reasonably have been read as imposing conditions to allowance of excise tax refunds. Stated differently, "no refund shall be made unless" (§424) and "no overpayment shall be refunded unless" (§§ 621(d) and 3443(d)) and "no refund shall be allowed or made unless" (§6416(a)) are all equivalents, and the heading in § 6416(a) merely identifies the last version as a "condition to allowance," as it obviously is. Moreover, even if these three versions are somehow read as different, the action to which the current condition applies is if anything *broader* than the earlier versions, which apply the condition to a "refund" or "making a refund," while the last version applies the condition to "allowing or making a refund." There is no logical way that a broadening of the applicability of the condition could somehow limit the effect of the condition as applied by binding precedents interpreting the earlier versions.

In addition to its operative language, the substance and purpose of § 6416(a) are substantially the same as those of § 424(a) and § 621(d). The core of all three versions requires the same thing: a refund claimant must prove that a refund would not unjustly enrich him by showing that it did not pass along the cost of the excise tax to his customers. *Compare* Revenue Act of 1928 § 424(a), *and* Revenue Act of 1932 § 621(d), *with* 26 U.S.C. § 6416(a). Moreover, as Worldwide acknowledged at oral argument, Congress has consistently recognized that the central purpose of the prohibition against unjust enrichment of excise tax refund claimants is to prevent retailers from recovering twice on the same tax. The House Report on the enactment of § 424(a) emphasized the "general principle" that overpayments of tax "should be refunded" but should not "unjustly enrich the manufacturers who merely collected the tax." H.R. Rep. No. 70-2, at 27 (1928). When § 424(a) was reenacted as § 621(d), Congress again emphasized "[n]o manufacturer or dealer should be permitted to recover an overpayment which in fact has been borne by the purchasers." H.R. No. 72-708, at 39 (1932). Finally, when Congress promulgated the current version of the prohibition under § 6416(a), it carried forward the "rule that credit or refund will be made only if there is a showing that the tax has not been passed on." *Travel Indus.*, 425 F.2d at 1299 (quoting H.R. Rep. No. 83-1337, at A413 (1954)).

Thus, while *Jefferson Electric* and *Standard Oil* obviously did not address the specific language of the later-enacted § 6416(a), the direct antecedents to the current statute they considered were materially similar in language, substance, and purpose. Therefore Worldwide's claim that those cases are "inapposite" is wrong, and this court's interpretation of § 6416(a) is guided by *Jefferson Electric* and *Standard Oil*. The federal courts of appeals are, of course, bound by Supreme Court precedent that has not been overturned by a subsequent decision, *e.g. Jefferson Electric*, and the published decision of a prior Sixth Circuit panel, *e.g. Standard Oil*, "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this court sitting en banc overrules the prior decision." *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) (internal quotations and citation omitted). Therefore, *Jefferson Electric*'s and *Standard Oil*'s holdings remain binding and refund claimants are required to assert and prove the non-shifting of the tax burden at the administrative stage in order to comply with the prohibition on unjust enrichment.

Worldwide, next attempts to reimagine the holdings in *Jefferson Electric* and *Standard Oil* such that even if they are applicable to § 6416(a), they still do not compel dismissal in this case. According to Worldwide, these cases hold that the consents must be provided prior to a refund's being disbursed, not that the failure to provide consents at the administrative level is a jurisdictional bar. But, as discussed above, that is simply not what those courts held. In concluding that Standard Oil's refund claims could not proceed, *Standard Oil* stated, "the burden rested upon [the claimant], *pursuant to the statute* and the regulations, to state in its refund and to establish *before the Commissioner*, that neither it nor its subsidiaries had included the tax in the price of the oil and gasoline subsequently sold." 125 F.2d at 129 (emphasis added). "[Standard Oil] failed to make such claim or to carry such burden," and "[m]eticulous compliance by a taxpayer with conditions prescribed for recovery of taxes paid must appear before the taxpayer can recover." *Id.* Moreover, *Jefferson Electric* explicitly rejected the suggestion now offered by Worldwide that a taxpayer could obtain a judgment conditioned on subsequent proof that it had borne the burden of the tax. 291 U.S. at 400.

In a last-ditch effort to save its claims, Worldwide contends that even if it was required to provide the customer consents at the administrative stage, the United States waived that

requirement when the IRS denied Worldwide's claims on the merits rather than for failing to comply with § 6416(a). But the IRS has no power to waive congressionally mandated statutory requirements. *See United States v. Garbutt Oil Co.*, 302 U.S. 528, 533 (1938). As the Ninth Circuit held in *Utility Appliance Corp. v. C.I.R.*, "the Commissioner is powerless to waive the substantive requirements of the statute." 256 F.2d 39, 45 (9th Cir. 1958). Section 6416(a) imposes such a substantive, nonwaivable statutory duty. *See Jefferson Electric* 291 U.S. at 395.

Worldwide contends that the IRS may waive strict compliance with its own technical regulations. *See, e.g., Salyersville Nat'l Bank v. United States*, 613 F.2d 650, 651 (6th Cir. 1980); *United States v. E.L. Bruce Co.*, 180 F.2d 846, 849–50 (6th Cir. 1950). As the district court observed, citing *Goulding v. United States*, 929 F.2d 329, 331–33 (7th Cir. 1991), "if the only technical defect in Worldwide's claims were the company's failure to comply with [26 C.F.R. § 301.6402-2], then it might have had a waiver argument." But what violates a regulation may also violate a statute. *See, e.g., United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 271–72 (1931). Again, the requirement that Worldwide file its customer consents with the IRS is an independent statutory duty imposed by § 6416(a). Thus, when a refund claimant fails to file his consents with the IRS, "[t]he defect in the claim for refund is not merely technical but is most substantial, in that there was a failure on the part of the taxpayer to claim and establish an essential statutory element upon which its right to a refund was grounded." *Standard Oil*, 158 F.2d at 130. Because an agency may not waive congressionally imposed statutory requirements like § 6416(a), Worldwide's waiver argument fails.

Worldwide's waiver argument also ignores the fact that six months prior to denying Worldwide's claims on the merits, an IRS agent asked Worldwide to submit consents. Indeed, the agent sent Worldwide a "Form 4564 Information Document Request" that explicitly stated, "[t]here must be a consent for each customer/vehicle included in your claims." The fact that the agency subsequently informed Worldwide that it would likely deny Worldwide's claims on the merits is of no consequence because "[t]he necessity for filing a claim such as the statute requires is not dispensed with because the claim may be rejected. . . . An anticipated rejection of the claim, which the statute contemplates, is not a ground for suspending its operation . . . ." *Felt & Tarrant Mfg.*, 283 U.S. at 273. Even assuming an agent erroneously advised Worldwide that

it was not required to submit its consent forms to the agency, the agent's representations to Worldwide cannot legally constitute waiver because payments of money from the Federal Treasury are limited to those authorized by statute, and erroneous advice given by a Government employee to a benefits claimant cannot estop the Government from denying benefits not otherwise permitted by law. *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 415–16, 419–32 (1990).

The judgment of the district court is affirmed.